J-A02044-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JESSE PAUL KINDER | : | |
| | : | |
| Appellant | : | No. 418 WDA 2021 |

Appeal from the PCRA Order Entered March 1, 2021
In the Court of Common Pleas of Crawford County Criminal Division at
No(s): CP-20-CR-0000306-2018

BEFORE: OLSON, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:         **FILED: JANUARY 14, 2022**

Jesse Paul Kinder (Kinder) appeals from the order of the Court of Common Pleas of Crawford County (PCRA court) dismissing his petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541-9546. After review, we affirm.

Kinder was found guilty of various offenses for two separate burglaries. The first happened at an electrical supply store called the Hite Company. During the burglary, Kinder stole a Milwaukee tool grinder and a Klein camouflage-colored backpack. He also broke into a safe that had yellow paint transferred onto it when it was pried open. A week later, Kinder broke into a car wash office but was arrested while still inside the office. There, police

_____

[*] Retired Senior Judge assigned to the Superior Court.

found a Milwaukee tool grinder that had the same model number as that stolen at the Hite Company; a Klein camouflage-colored backpack; and a pry bar with yellow paint on it. Testing later revealed that the paint on the pry bar matched that found on Hite Company's pried-open safe.

Before trial, both Kinder and the Commonwealth filed competing motions on the admissibility of the items recovered at the car wash (the grinder, backpack, pry bar) in the Hite Company case. After the trial court ruled that the items were admissible, Kinder proceeded *pro se* to non-jury trials in both cases and was found guilty on all charges. The trial court sentenced him to 3 to 6 years for the Hite Company burglary and a consecutive 7 to 14 years for the car wash burglary, thus giving him an aggregate sentence of 10 to 20 years' imprisonment. After the sentence, Kinder took a direct appeal and requested appointed counsel. We affirmed his judgment of sentence in the Hite Company case, but vacated his judgment of sentence in the car wash case because of a misgraded conviction. ***See Commonwealth v. Kinder***, 237 A.3d 1026 (Pa. Super. June 2, 2020) (unpublished memorandum).

On August 5, 2020, Kinder filed a *pro se* PCRA petition only on the Hite Company case (CP-20-CR-0000306-2018). In his petition, he asserted claims of constitutional violations, ineffective assistance of counsel (IAC) and after-discovered evidence under 42 Pa.C.S. § 9543(a)(2)(i), (ii) and (v),

respectively. Counsel was appointed and filed a ***Turner/Finley*** letter.[1] After reviewing counsel's letter, the PCRA court issued notice of its intent to dismiss the petition under Pa.R.Crim.P. 907. In his response, Kinder challenged the admission of the car wash items but did not frame it as a PCRA claim. After receiving his response, the PCRA court dismissed the petition without hearing, following which Kinder filed this appeal.[2]

On appeal, just as he did in his response, Kinder presents a straightforward challenge to the admission of the car wash items proving that he committed the Hite Company burglary. He argues that the Commonwealth proved neither that he possessed the items when he was arrested nor that they belonged to him. For support of his position, Kinder cites ***Commonwealth v. DelMarmol***, 214 A.2d 264 (Pa. Super. 1965) (finding trial court erred in admitted a penknife found in store that burglary suspect was arrested in because there was no evidence connecting the knife to the alleged burglary). Finally, Kinder emphasizes that he had a co-conspirator

---

[1] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1998); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1998).

[2] "The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error." ***Commonwealth v. Cruz***, 223 A.3d 274, 277 (Pa. Super. 2019) (cleaned up). "[A] PCRA court has discretion to dismiss a PCRA petition without a hearing if the court is satisfied that there are no genuine issues concerning any material fact; that the defendant is not entitled to post-conviction collateral relief; and that no legitimate purpose would be served by further proceedings." ***Id***. (cleaned up).

(Meagan Duda) who pleaded guilty to helping him break into the car wash. As a result, he posits that it was just as believable that his co-conspirator brought the items to the burglary.

"To be entitled to PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that the conviction or sentence under review was the result of one or more specifically enumerated bases, the claims have not been previously litigated or waived, and the failure to litigate the issue was not 'the result of any rational, strategic or tactical decision by counsel.' " *Commonwealth v. Flor*, 259 A.3d 891, 902 (Pa. 2021) (quoting 42 Pa.C.S.A. § 9543(a)(2)-(a)(4)).  An issue is previously litigated if "the highest appellate court in which appellant could have had review as a matter of right has ruled on the merits of the issue." *Id.*, § 9544(a)(2).  "An issue is waived if appellant could have raised it but failed to do so before trial, at trial, ... on appeal or in a prior state postconviction proceeding." *Id.*, § 9544(b).

As noted, Kinder argues his issue as if he is on direct appeal, failing to recognize that this is a PCRA appeal of the dismissal of his petition.  In his brief, Kinder neither mentions the PCRA nor bothers to frame his issue under any of the enumerated bases for PCRA relief under § 9543(a)(2).  He also fails to address why this issue would not be waived for failure to raise it on direct appeal.  If this failure was attributable to direct appellate counsel's ineffectiveness, then Kinder needed to show:  "(1) the underlying claim has arguable merit; (2) counsel had no reasonable strategic basis for his action or

inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." ***Commonwealth v. Davis***, 262 A.3d 589, 595 (Pa. Super. 2021) (citation omitted). Kinder failed to do that in his response to the PCRA court's 907 notice and fails again to so here. As a result, his issue is waived.

Even if properly raised, we would find the issue lacks merit. As the PCRA court explained:

> Kinder believes that the Commonwealth had the burden at the suppression hearing of showing that he -- and not [his co-conspirator] Meagan Duda -- transported these items there. His reliance upon [***DelMarmol***] is misplaced. The ***DelMarmol*** Court held that the admission at trial of a penknife had been prejudicial to the defendant, and ordered a new trial, where there was "the barest scintilla of circumstantial evidence connecting DelMarmol with the knife." 206 Pa. Super. at 518, 214 A.2d at 267. The penknife had been found atop a cabinet [in a jewelry store], to which any number of customers had access, and with no evidence that DelMarmol had had a knife or that a knife had been used in the alleged burglary. Here, Kinder was discovered inside the office along with the items used in the break-in. His lone presence there in the middle of the night provided the circumstantial evidence connecting him to those items.

PCRA Court Opinion, 3/1/21, at 2.

We agree that Kinder's arrest in the car wash office was more than enough to link him to the items recovered in that same office; neither possession nor ownership of the items was required for their admission in the Hite Company case. Thus, Kinder's argument were more properly raised to the weight of the evidence rather than its admissibility.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 01/14/2022