J-S24025-21

2021 PA Super 184

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GERALD HOWARD DAVIS, JR. | : | |
| | : | |
| Appellant | : | No. 882 WDA 2020 |

Appeal from the PCRA Order Entered July 6, 2020
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0004834-2012

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GERALD HOWARD DAVIS | : | |
| | : | |
| Appellant | : | No. 883 WDA 2020 |

Appeal from the PCRA Order Entered July 6, 2020
In the Court of Common Pleas of Allegheny Count
Criminal Division at No(s): CP-02-CR-0004831-2012

BEFORE: DUBOW, J., KING, J., and STEVENS, P.J.E.[*]

OPINION BY KING, J.: **FILED: September 13, 2021**

Appellant, Gerald Howard Davis, appeals *pro se* from the order entered

in the Allegheny County Court of Common Pleas, which denied his first petition

filed pursuant to the Post Conviction Relief Act ("PCRA") at 42 Pa.C.S.A. §§

_____

[*] Former Justice specially assigned to the Superior Court.

9541-9546, following resentencing in this case. We affirm.

The relevant facts and procedural history of this case are as follows. On August 29, 2012, Appellant entered guilty pleas at two separate docket numbers, to numerous counts of robbery, theft, conspiracy, recklessly endangering another person ("REAP"), receiving stolen property and related offenses, in connection with Appellant's string of robberies of restaurants and convenience stores in Allegheny County.[1] On January 18, 2013, the trial court sentenced Appellant to an aggregate term across both dockets of 22 to 44 years' imprisonment. Some of Appellant's robbery convictions included mandatory minimum sentences per 42 Pa.C.S.A. § 9712 (sentences for offenses committed with firearms). This Court affirmed Appellant's judgment of sentence on June 25, 2014, and our Supreme Court denied allowance of appeal on November 25, 2014. *See Commonwealth v. G. Davis*, 105 A.3d 46 (Pa.Super. 2014) (unpublished memorandum), *appeal denied*, 628 Pa. 627, 104 A.3d 2 (2014).

On April 28, 2015, Appellant timely filed a *pro se* PCRA petition alleging, *inter alia*, the court had imposed mandatory minimum sentences for some of his convictions which were rendered illegal by *Alleyne v. United States*, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) (holding facts that increase mandatory minimum sentences must be submitted to jury and found beyond

---

[1] Appellant committed the robberies with Keith Fields and another cohort. Mr. Fields entered guilty pleas to similar offenses on the same date as Appellant.

- 2 -

reasonable doubt). The court appointed PCRA counsel (Attorney Christy Foreman), who filed an amended petition on August 3, 2015. The Commonwealth subsequently filed an answer, agreeing that Appellant was entitled to resentencing based on the illegal mandatory minimum sentences.

On February 19, 2016, the court held a hearing, during which the court stated that it would be granting the PCRA petition and resentencing Appellant in light of the illegal mandatory minimum sentences. At the hearing, the Commonwealth reiterated that Appellant was entitled to resentencing relief. The Commonwealth also acknowledged that undoing the mandatory minimum sentences would disrupt the sentencing scheme, and asked the court to vacate the entire sentence and impose a new sentence based on what the court deemed appropriate. (*See* N.T. Hearing, 2/19/16, at 2-3). At the conclusion of the hearing, the court resentenced Appellant to an aggregate term across both dockets of 17 to 40 years' imprisonment. The court also entered separate orders that same date (1) granting Appellant's amended PCRA petition; and (2) resentencing Appellant. Each order expressly states that the original sentence of January 18, 2013 was vacated.

Appellant timely filed a notice of appeal from his new judgment of sentence. On March 21, 2016, the court permitted PCRA counsel (Attorney Foreman) to withdraw and appointed new counsel (Attorney Thomas Farrell). On appeal, Appellant challenged the court's authority to resentence him on two counts for which the court had originally imposed "no further penalty."

- 3 -

Appellant's co-defendant Mr. Fields had also been resentenced and raised similar claims in his appeal. Consequently, this Court consolidated Appellant's and Mr. Fields' appeals. Following oral argument before a three-judge panel, the panel requested the appeals be certified for *en banc* review, which this Court granted.

In their *en banc* appeals, Appellant and Mr. Fields argued that under 42 Pa.C.S.A. § 9543(a)(1)(i) (stating that to be eligible for PCRA relief, petitioner must be currently serving sentence of imprisonment, probation, or parole), the PCRA court lacked jurisdiction to grant PCRA relief as to those counts on which their original sentences had already been served, or on which they had received no further penalty. **Commonwealth v. Fields**, 197 A.3d 1217, 1221 (Pa.Super. 2018) (*en banc*) (plurality). Appellant specifically took issue with the PCRA court's authority to vacate his sentences of "no further penalty" for one count of REAP and one count of firearms not to be carried without a license, and to resentence Appellant to terms of imprisonment for each of those convictions.[2] **See id.**

In authoring the majority opinion in support of affirmance ("Majority OISA"),[3] President Judge Emeritus Bender rejected Appellant's and Mr. Fields'

---

[2] Mr. Fields challenged the court's authority to vacate and impose a new sentence for crimes on which he had already finished serving the originally imposed sentence.

[3] Judges Panella, Lazarus, and Dubow joined the Majority OISA.

contention that Section 9543(a)(1)(i) prohibited the court's jurisdiction to resentence the defendants. In so holding, the Majority OISA explained that the plain language of Section 9543 did not mention **jurisdiction** of the PCRA court, but rather set forth the eligibility requirements a petitioner must meet to obtain PCRA relief. *Id.* at 1222 (holding that requirements set forth in Section 9543 establish only petitioner's eligibility for PCRA relief, and do not implicate PCRA court's jurisdiction to act on petition).

The Majority OISA went on to decide that Appellant and Mr. Fields had waived their claims for review because they should have appealed from the respective orders granting PCRA relief and vacating their sentences, instead of from their new judgments of sentence. *Id.* at 1223. Because the essence of their issue was that the PCRA court lacked the ability to disturb their sentences on certain counts, which the court did in the PCRA orders vacating those sentences, the Majority OISA held that Mr. Fields and Appellant waived their challenge by not appealing from those orders. *Id.* Even if Appellant and Mr. Fields had properly raised their claims in the appeals from their new judgments of sentence, the Majority OISA still deemed the issue waived where Appellant and Mr. Fields raised their argument that the court lacked authority to resentence them on certain counts for which they were not serving a sentence, for the first time on appeal. *Id.* at 1224. Further, the Majority OISA held that the issue on appeal did not implicate the legality of the sentence, such that this Court could review the issue *sua sponte*. *Id.*

Judge Olson authored an opinion in support of reversal ("OISR").[4] Initially, the OISR agreed that Section 9543 of the PCRA did not implicate the PCRA court's jurisdiction. Nevertheless, the OISR concluded that Appellant and Mr. Fields had preserved their claims and were entitled to relief under Section 9543. In doing so, the OISR opined that a "PCRA court lacks the judicial power to alter sentences that have already been served." *Id.* at 1225. In the OISR's view, "Appellants were not serving a judgment of sentence, or waiting to serve a judgment of sentence, for offenses that the PCRA courts 'granted relief on,' *i.e.*, vacated. Our General Assembly has not conferred on courts the power to grant relief in such instances. Hence, the PCRA courts lacked the judicial power to vacate those judgments of sentence." *Id.* at 1228.

Further, the OISR took the position that Appellant and Mr. Fields did not waive their claims. Relying on a time stamp of the PCRA court's order granting the amended PCRA petition, and the timing of the resentencing hearing, the OISR indicated that the resentencing preceded the order granting PCRA relief and purporting to vacate the original sentence. Thus, the OISR decided that Appellant and Mr. Fields could not have appealed the respective PCRA court orders prior to resentencing or objected to the orders vacating their original sentences prior to resentencing. *Id.* at 1228. The OISR suggested that

_____

[4] Judges Shogan and Murray joined the OISR.

Appellant and Mr. Fields properly preserved their issue for review. *Id.* at 1229.

In a separate Minority OISA, Judge Stabile[5] agreed with the Majority OISA that Section 9543 is an eligibility provision (and not jurisdictional) but disagreed with the Majority OISA's waiver analysis. The Minority OISA opined: "Appellants could not appeal from the orders granting their PCRA relief vacating their original judgments of sentence…, as they were not aggrieved parties under those orders. I therefore disagree with the [Majority OISA] that Appellants waived their claims by not appealing from the PCRA orders that vacated their original sentences." *Id.* at 1230. Regarding waiver, the Minority OISA decided that Appellant and Mr. Fields' claims implicated the legality of their respective sentences, "as the claims challenge the sentencing court's ability to impose punishment a second time for crimes Appellants claim their sentences already had been served." *Id.* at 1232. Thus, the Minority OISA concluded that waiver was inappropriate.

On the merits, the Minority OISA stated:

> The Appellants sought and received relief that disrupted their original sentencing schemes. When the PCRA court vacated Appellants' original judgments of sentence, the effect of those orders was to vacate the sentences in their entireties and to render them null and void. The slate was wiped clean and the sentencing court was free to resentence without regard to the original sentence, so long as the new sentences did not impose more severe penalties that ran afoul of double jeopardy principles. [B]y filing a petition for

_____

[5] Judge Kunselman joined the Minority OISA.

- 7 -

collateral relief, [Appellants] assumed the risk that [their] sentencing on the various counts would be adjusted insofar as was necessary to preserve the integrity of the original sentencing scheme. The trial court did precisely that and resentenced Appellants to terms of incarceration less than those imposed under their original sentences. The fact that Appellants also were resentenced on several crimes for which their original sentences already had been served or for which they received no further penalty, is of no moment as the original judgments of sentence became nullities once they were vacated by the PCRA court.

(**Id.**) (internal citations, quotations and footnotes omitted). On April 16, 2019, our Supreme Court denied allowance of appeal. **See Commonwealth v. Fields**, 651 Pa. 593, 206 A.3d 1025 (2019).

Appellant timely filed the current PCRA petition *pro se* on October 31, 2019. The court appointed PCRA counsel (Attorney Charles Pass) on December 5, 2019. PCRA counsel subsequently filed a motion to withdraw along with a **Turner**/**Finley** "no-merit" letter.[6] On February 10, 2020, the PCRA court granted counsel's motion to withdraw and issued notice of its intent to dismiss the petition without a hearing per Pa.R.Crim.P. 907. On April 3, 2020, privately-retained counsel (Attorney Herbert Terrell) entered an appearance on Appellant's behalf. The court initially denied PCRA relief on April 22, 2020, but subsequently vacated that decision to give Appellant an opportunity to respond to the Rule 907 notice. Appellant responded on April 30, 2020. On July 6, 2020, the court denied PCRA relief.

---

[6] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

Appellant timely filed *pro se* notices of appeal on August 3, 2020 at each underlying docket, which this Court subsequently consolidated *sua sponte*.[7] On September 11, 2020, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied on November 16, 2020.

Appellant raises two issues for our review:

> Whether the PCRA court erred by resentencing Appellant on 2/19/16, when the original sentencing order of 1/18/13 had not been vacated and was intact, and that PCRA and appellate counsel were ineffective in failing to raise or preserve this issue for appeal?
>
> Whether the PCRA court erred in granting relief on count 5 (REAP) and count 23 ([carrying a firearm without a license]) where Appellant was not eligible to such relief under Pa.C.S.A. Section 9543(a)(1)(i), and where sentencing and appellate counsel were ineffective for not objecting to and raising this claim on appeal?

(Appellant's Brief at 4).

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. ***Commonwealth v.***

_____

[7] Following the denial of PCRA relief, the court permitted Attorney Terrell to withdraw after he requested to do so based on Appellant's failure to pay all fees owed. We note that Appellant was not entitled to court-appointed counsel for this appeal. ***See Commonwealth v. Rykard***, 55 A.3d 1177 (Pa.Super. 2012), *appeal denied*, 619 Pa. 714, 64 A.3d 631 (2013) (explaining that when counsel has been appointed to represent PCRA petitioner and that right has been fully vindicated following grant of counsel's petition to withdraw under ***Turner/Finley***, court shall not appoint new counsel and appellant must look to his own resources for future proceedings).

*Ford*, 947 A.2d 1251 (Pa.Super. 2008), *appeal denied*, 598 Pa. 779, 959 A.2d 319 (2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007).

In his first issue, Appellant argues that his original sentence of January 18, 2013 was still intact at the time the court resentenced him on February 19, 2016. Appellant claims that he never received an "Order to Vacate" prior to or after the resentencing hearing. Appellant acknowledges that the resentencing order states: "Original sentence vacated and a new sentence impose[d] pursuant to PCRA petition granted." (Appellant's Brief at 13). Nevertheless, Appellant insists this provision does not constitute an order to vacate. Notwithstanding the court's intent to vacate Appellant's original sentence, Appellant submits that "the law demands more than a court's good intentions." (*Id.*) Appellant emphasizes that the docket entries support his position that the court resentenced him prior to vacating the original sentence. Appellant further relies on the OISR in *Fields* which highlighted that resentencing occurred prior to any order purporting to vacate Appellant's original sentence. Appellant contends that "[t]he filing and docketing of an order granting PCRA relief and vacating Appellant's original sentence imposed on 1/18/13, has never been filed in this matter." (*Id.* at 15). Appellant maintains his February 19, 2016 sentence is "a void judgment requiring relief

in the form of discharge or proper sentencing[.]" (**Id.** at 16).

Appellant asserts that original PCRA counsel (Attorney Foreman) was ineffective for failing to object to imposition of the February 19, 2016 sentence when the original January 18, 2013 sentence was still intact. Appellant avers his claim has arguable merit where three judges of the Superior Court (namely, those in support of the OISR in **Fields**) agreed that resentencing in this case took place before any purported order vacating the original judgment of sentence. Appellant submits PCRA counsel lacked a reasonable basis for failing to object at the resentencing hearing, and counsel's errors caused him prejudice. Likewise, Appellant complains subsequent counsel (Attorney Farrell) was ineffective for failing to preserve this issue for the direct appeal following resentencing.[8] Appellant concludes counsel were ineffective, and this Court must grant appropriate relief. We disagree.

Pennsylvania law presumes counsel has rendered effective assistance. **Commonwealth v. Williams**, 597 Pa. 109, 950 A.2d 294 (2008). Generally, when asserting a claim of ineffective assistance of counsel, the petitioner is required to demonstrate: (1) the underlying claim has arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

---

[8] Appellant also suggests counsel were *per se* ineffective. (Appellant's Brief at 18).

*Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326 (1999). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. *Williams, supra*. "Actual or constructive denial of the assistance of counsel, however, falls within a narrow category of circumstances in which prejudice is legally presumed." *Commonwealth v. Lane*, 81 A.3d 974, 978 (Pa.Super. 2013), *appeal denied*, 625 Pa. 658, 92 A.3d 811 (2014). *See, e.g., Commonwealth v. Rosado*, 637 Pa. 424, 150 A.3d 425 (2016) (holding that filing of appellate brief that raises only unpreserved claims constitutes *per se* ineffective assistance of counsel in which prejudice is presumed; errors which completely foreclose appellate review amount to constructive denial of counsel).

Under the traditional ineffectiveness test, "[t]he threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit…." *Commonwealth v. Pierce*, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Poplawski*, 852 A.2d 323, 327 (Pa.Super. 2004).

> Once this threshold is met we apply the 'reasonable basis' test to determine whether counsel's chosen course was designed to effectuate his client's interests. If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective.

*Pierce, supra* at 524, 645 A.2d at 194-95 (internal citations omitted).

Prejudice is established when [an appellant] demonstrates that counsel's chosen course of action had an adverse effect on the outcome of the proceedings. The [appellant] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. …

*Commonwealth v. Chambers*, 570 Pa. 3, 21-22, 807 A.2d 872, 883 (2002)

(some internal citations and quotation marks omitted).

Instantly, the PCRA court addressed this claim as follows:

[Appellant's] claim…is apparently based on the fact that the docket indicates that the order imposing the new sentence was docketed before the order granting PCRA relief, although they were both docketed on February 19, 2016. However, the order granting PCRA relief also states, in part, "**Petitioner's original sentence is hereby vacated**, and a new sentence imposed on February 19, 2016." In addition, the sentencing order states, in part, "**Original sentence vacated**, and new sentence imposed pursuant to PCRA Petition granted." Further, during the resentencing hearing on February 19, 2016 it is clear, based on the following discussion, that the [c]ourt and counsel were aware of the procedural posture of the case:

THE COURT: These are the matters of [Appellant], the CC numbers are of record. This is a—what amounts in effect to a resentencing at 201204831, which is multiple robberies and related offenses during the years of 2011 and [20]12. Also, the second information, 201204834, on March 4, 2012, which is one in the last in a string of robberies that [Appellant] was involved in with two co-defendants. [Appellant] is present in [c]ourt today with [Attorney] Foreman on his behalf. … **When I say amounts to a resentencing, the procedural posture is granting the PCRA, is that correct?**

[THE COMMONWEALTH]: **That's correct**, Your Honor.

- 13 -

THE COURT:      **Do you want to add anything in terms of the procedural posture?**

[THE COMMONWEALTH]:      Just that this case is back due to subsequent case law striking down the statutes, mandatory minimum statutes that [Appellant] was sentenced under. **Accordingly, the Commonwealth conceded to relief.** And what the Commonwealth would suggest is, since that would disrupt the entire sentencing scheme, **would be to just vacate the sentence and resentence what the [c]ourt sees fit.** ([N.T. Hearing, 2/19/16, at 2-3]) (Emphasis added).

The [c]ourt then inquired of [Appellant's] counsel's position and it was indicated that [Appellant] had served approximately four years and that during that time he had no behavior problem and was taking and completing various classes and courses. Counsel further requested that the [c]ourt reconsider its prior sentence and impose some concurrent sentences and an aggregate sentence less than the previous 22-to-44-year aggregate sentence. After hearing from [Appellant], the [c]ourt proceeded with resentencing [Appellant] to a 17-to-40-year aggregate sentence.

Regarding [Appellant's] claim that the [c]ourt erred in resentencing him without having first vacated the previous sentence, this claim is meritless as it is clear from the above that his previous sentence was, in fact, vacated prior to resentencing. Both orders, regardless of the order in which they were docketed, clearly indicated that [Appellant's] previous sentence was vacated. In addition, the transcript reflects that the [c]ourt and counsel were aware of the procedural posture of the case which consisted of granting the PCRA relief which vacated [the] previous sentence and imposing a new sentence.[1] Furthermore, the claims that PCRA and appellate counsel were ineffective for failing to preserve or raise a claim on this issue fail as counsel cannot be found to be ineffective for failing to raise a meritless claim.

_____
[1] Further, in the [Majority OISA] in this case, it was

- 14 -

stated: "On February 19, 2016, the PCRA court issued an order granting [Appellant's] petition, vacating his original judgment of sentence in its entirety, and scheduling his resentencing hearing for that same day. At the resentencing proceeding, the court imposed an aggregate term of 17 to 40 years' incarceration." [**Fields, supra** at 1220].

(PCRA Court Opinion, filed January 7, 2021, at 7-9) (some internal citations omitted). The record supports the court's analysis.

Here, the record makes clear that the court verbally granted PCRA relief at the February 19, 2016 hearing in the form of vacating the original sentence, and then resentenced Appellant at the same proceeding. Following the hearing, the court entered two separate orders on that date: (1) granting PCRA relief; and (2) resentencing Appellant. Notably, both orders expressly state that the original sentence was vacated. Thus, it is immaterial that the resentencing order might have been docketed right before the order granting PCRA relief. The record simply belies Appellant's claim that the original sentence was still intact at the time the court resentenced him.

Although Appellant relies on the OISR in **Fields**, that decision did not garner the support of a majority of the judges, so we are not bound by it. **See Commonwealth v. D. Davis**, 17 A.3d 390 (Pa.Super. 2011), *appeal denied*, 611 Pa. 678, 29 A.3d 371 (2011) (stating general rule that decision lacks precedential value if it does not garner support of majority of sitting judges). To the contrary, both the Majority OISA and the Minority OISA in **Fields** agreed that the original sentence had been vacated in its entirety at the time

of resentencing. ***See Fields, supra*** at 1220, 1232. As the PCRA court noted, counsel is not ineffective for failing to raise a meritless claim. ***See Pierce, supra***. Consequently, Appellant's first issue merits no relief.

In his second issue, Appellant argues that the court lacked authority to resentence him on two of the counts that the court had originally sentenced him to serve no further penalty. Appellant acknowledges that he raised this claim on direct appeal from resentencing in the context of whether the court had **jurisdiction** to resentence him on those counts. Appellant asserts that he is now arguing "an eligibility issue." (Appellant's Brief at 20). Appellant insists he was ineligible under Section 9543 the PCRA to receive any relief at the two counts for which he was not serving a sentence when the court granted PCRA relief, relying on ***Commonwealth v. Matin***, 832 A.2d 1141 (Pa.Super. 2003), *appeal denied*, 577 Pa. 678, 843 A.2d 1237 (2004). Appellant claims that "[t]o act outside of the plain language of [Section] 9543(a)(1) would be an abuse of judicial power." (Appellant's Brief at 21). Because Appellant had "completed" his sentence of "no further penalty" at the time the court granted PCRA relief, Appellant claims he was ineligible for relief on those counts.

Appellant further argues that original PCRA counsel (Attorney Foreman) was ineffective for filing an appeal from the February 19, 2016 judgment of sentence, instead of from the February 19, 2016 order granting PCRA relief. Appellant emphasizes the language in the Majority OISA in ***Fields*** stating that

Appellant waived his claim on appeal by appealing from the wrong order. Appellant maintains Attorney Farrell was ineffective for raising the sentencing court's authority to resentence him on those counts for the first time on appeal. In light of the Majority OISA's waiver analysis, Appellant contends his ineffectiveness claim has arguable merit.[9] Appellant further relies on the OISR's rationale that the PCRA court lacked judicial power to grant Appellant relief in certain respects. Appellant insists counsel had no reasonable basis for failing to object in a timely manner to the PCRA court's authority to resentence him on convictions for which he was not eligible to receive relief because he was not serving a sentence. Appellant concludes counsels' actions prejudiced him, and this Court must grant him appropriate relief. We disagree.

The relevant statutory eligibility requirements for relief under the PCRA are as follows:

> **§ 9543.  Eligibility for relief**
>
> **(a)   General rule.**—To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> (1)   That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
>
> (i)   currently serving a sentence of imprisonment,

---

[9] Relying on the Majority OISA's waiver analysis, Appellant also suggests that counsel were *per se* ineffective because their failures "wholly deprive[d]" Appellant of the right to substantive review. (Appellant's Brief at 24).

probation or parole for the crime;

\* \* \*

42 Pa.C.S.A. § 9543(a)(1)(i).

In **Matin, supra**, the appellant pled guilty to two counts of robbery, and one count each of criminal conspiracy and possessing a firearm without a license. The court sentenced him to an aggregate term of 6-20 years' imprisonment, with all sentences imposed concurrently. The sentence for the firearms violation was 2½ to 5 years' imprisonment. The appellant did not pursue direct review but filed a PCRA petition, which the court dismissed. On appeal from the denial of PCRA relief, this Court reversed and remanded to the PCRA court, deciding that one of the appellant's issues had arguable merit, namely whether trial counsel was ineffective for advising the appellant to plead guilty to the firearms violation when he had not possessed any firearm during the robbery. By the time the case had returned to the PCRA court for consideration of this issue, however, the appellant's sentence for the firearms conviction had expired. Consequently, the PCRA court decided the appellant was no longer eligible for relief on any issue challenging his conviction and again dismissed his petition.

On appeal, this Court agreed, holding: "A petitioner is ineligible for relief under the PCRA once the sentence for the challenged conviction is completed." **Id.** at 1143. Because the appellant had completed serving his sentence on the firearms conviction, he was no longer eligible for relief. **See id.**

In ***Commonwealth v. Bartrug***, 732 A.2d 1287 (Pa.Super. 1999), *appeal denied*, 561 Pa. 651, 747 A.2d 896 (1999), the appellant pled guilty to burglary, theft by unlawful taking, and receiving stolen property. The trial court sentenced him to 7½ to 15 years' imprisonment for theft by unlawful taking and imposed no further sentence on the other counts. Appellant did not pursue a direct appeal, but later filed a PCRA petition arguing the court had imposed an illegal sentence on his theft conviction that exceeded the statutory maximum. Thereafter, the PCRA court acknowledged that the maximum sentence for theft is 7 years' imprisonment. Consequently, the court granted the PCRA petition, vacated the judgment of sentence, and resentenced the appellant to 7½ to 15 years' imprisonment for **burglary**. The court imposed no further penalty on the remaining counts. ***Id.*** at 1288-89.

On appeal, the sole issue presented was "whether the PCRA court erred in vacating the entire sentence rather than addressing only that part of [the a]ppellant's sentence that was illegal. [The a]ppellant question[ed] whether the PCRA court had jurisdiction to vacate otherwise legal sentences…which were not part of his PCRA petition." ***Id.*** at 1289. This Court explained that "if a trial court errs in its sentence on one count in a multi-count case, then all sentences for all counts will be vacated so the court can restructure its entire sentencing scheme." ***Id.*** "This…is true even where [an a]ppellant specifically limits his appeal to one particular illegal sentence based upon one bill of information and does not appeal sentences based upon other bills of

information, where those sentences are part of a common sentencing scheme." *Id.* This Court further stated that when a defendant appeals a judgment of sentence, "he accepts the risk that the Commonwealth may seek a remand for resentencing thereon if the disposition in the appellate court upsets the original sentencing scheme of the trial court." *Id.* at 1289-90 (internal citation omitted). Thus, this Court held that the PCRA court exercised proper authority in vacating the entire original sentence prior to resentencing.

Instantly, in addressing this issue, the PCRA court reasoned:

> As previously noted, at the resentencing hearing on February 19, 2016, the Commonwealth recognized that the effect of the *Alleyne* decision was to "disrupt the entire sentencing scheme." [N.T. Hearing, 2/19/16, at 3]. In addition, [Appellant's] counsel stated, "He's just asking that you reconsider the sentence and you would consider imposing a sentence less than the 22 to 44 years…" [*Id.* at 4]. The [c]ourt in this case had constructed a sentencing scheme on 53 counts involving robbery, aggravated assault, terroristic threats, [REAP], firearms violations and conspiracy. [T]here was no error by the [c]ourt in restructuring the total aggregate sentence to a lesser sentence, even though it involved sentences on two counts for which no further penalty had been imposed in the original sentence.

(PCRA Court Opinion at 11). We agree with the court's analysis.

Here, the PCRA court had the authority to vacate the entire original sentence, including those sentences for which the court had originally imposed no further penalty, prior to resentencing Appellant. *See Bartrug, supra*. Appellant's reliance on *Matin* affords him no relief because that case is distinguishable. There, the PCRA court lacked the ability to grant PCRA relief

on the appellant's firearms conviction because he had already completed serving his sentence for that conviction upon which his claim for relief was based. **See Matin, supra**. The facts of this case align more closely to **Bartrug**. **See Bartrug, supra**. Thus, Appellant cannot demonstrate prejudice to succeed on his ineffectiveness claim.[10] **See Chambers, supra**. Accordingly, we affirm the order denying PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/13/2021

---

[10] Although Appellant relies on the Majority OISA's waiver analysis to support his claim of *per se* ineffectiveness, because this decision did not garner the support of a majority of the sitting judges, that waiver analysis is not precedential. **See D. Davis, supra**. Similarly, we are not bound by the OISR's analysis that the PCRA court lacked authority to resentence Appellant on the convictions for which the court had originally imposed no further penalty. **See id.**