J-S06030-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAMEON LYDELL BUMBARGER | : | |
| | : | |
| Appellant | : | No. 1206 MDA 2022 |

Appeal from the PCRA Order Entered May 17, 2022
In the Court of Common Pleas of Centre County Criminal Division at
No(s): CP-14-CR-0000586-2018

BEFORE: STABILE, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.: **FILED: MAY 22, 2023**

Appellant Dameon Lydell Bumbarger appeals from the order denying his timely first Post Conviction Relief Act[1] (PCRA) petition. Appellant claims that the PCRA court erred in concluding that ***Commonwealth v. Alexander***, 243 A.3d 177 (Pa. 2020) did not apply retroactively to the instant case and that trial counsel was ineffective for failing to pursue a change of venue. We affirm.

The underlying facts and procedural history of this matter are well known to the parties. ***See*** Trial Ct. Op. & Order, 9/28/18, at 1-3. Briefly, on April 1, 2018, Pennsylvania State Police Trooper Shane Murarik was traveling eastbound on Route 322 in Centre County when he observed a vehicle that matched the description listed on an active warrant for Appellant's arrest.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

After confirming the vehicle's information in his system, Trooper Murarik stopped the vehicle in Clearfield County. Following the stop, Trooper Murarik conducted a search during which he recovered methamphetamine, marijuana, and two firearms from Appellant's vehicle. As a result, Appellant was arrested and charged with possession of a controlled substance with intent to deliver (PWID) and possession of a firearm prohibited.[2]

Prior to trial, Appellant filed motions to suppress evidence that was obtained as a result of the warrantless search of his vehicle. In relevant part, Appellant argued that the police lacked sufficient probable cause or reasonable suspicion to initiate a traffic stop and that the police violated provisions of the plain view doctrine. *See* Appellant's Omnibus Pre-Trial Motion, 5/31/18. The trial court denied Appellant's pre-trial motions following a hearing. Appellant subsequently filed a motion for change of venue in which he sought to move the proceedings from Centre County to Clearfield County, where Appellant's vehicle came to a stop. The trial court ultimately denied Appellant's motion as untimely.

Following a stipulated non-jury trial on May 20, 2019, the trial court convicted Appellant of PWID and possession of a firearm prohibited. That same day, the trial court imposed an aggregate sentence of five to ten years' incarceration. On direct appeal, this Court affirmed Appellant's judgment of sentence and our Supreme Court denied further review on September 22,

---

[2] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S. § 6105(a)(1), respectively.

2020. *See Commonwealth v. Bumbarger*, 231 A.3d 10 (Pa. Super. 2020), *appeal denied*, 239 A.3d 20 (Pa. 2020).

Appellant filed the instant timely *pro se* PCRA petition on April 22, 2021. Therein, Appellant claimed that the warrantless search of his vehicle violated his constitutional rights and argued that trial counsel was ineffective. *See* Appellant's *Pro Se* PCRA Petition, 4/22/21. The PCRA court appointed PCRA counsel, who subsequently filed an amended PCRA petition on Appellant's behalf. Following an evidentiary hearing, the PCRA court denied Appellant's PCRA petition on May 17, 2022.

Appellant timely filed a notice of appeal and filed a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court issued a Rule 1925(a) opinion adopting the analysis set forth in its May 17, 2022 opinion and order. *See* PCRA Ct. Op., 8/15/22, at 1.

On appeal, Appellant raises the following issues for our review:

1. Did the [PCRA] court err in finding that *Commonwealth v. Alexander*, 243 A.3d 177 (Pa. 2020), should not be applied retroactively in this case?

2. Did the [PCRA] court err in finding that Appellant's prior counsel did not render ineffective assistance of counsel by failing to pursue and litigate the issue of change of venue?

Appellant's Brief at 5 (some formatting altered).

**Retroactive Application of *Alexander***

In his first issue, Appellant contends that the PCRA court erred in rejecting his constitutional claim and concluding that *Alexander* did not

- 3 -

retroactively apply to Appellant's case. Appellant's Brief at 15. Initially, Appellant acknowledges that neither the United States Supreme Court nor our Supreme Court have held that **Alexander** should be applied retroactively to cases on collateral review. However, Appellant argues that the "decision in **Alexander** cannot by its own terms be classified as a 'new' Pennsylvania constitutional rule." **Id.** at 18. In support, Appellant contends that the **Alexander** Court "merely reaffirmed the existing Pennsylvania Constitution standard" that was in place prior to the Court's decision in **Commonwealth v. Gary**, 91 A.3d 102 (Pa. 2014) (plurality). **Id.** at 19. Therefore, Appellant concludes that because "[o]ld constitutional rules always apply retroactively," the PCRA court erred in declining to apply **Alexander**. **Id.** (citing **Whorton v. Bockting**, 549 U.S. 406, 416 (2017)).

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Sandusky**, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citation omitted). "[W]e apply a *de novo* standard of review to the PCRA court's legal conclusions." **Commonwealth v. Mitchell**, 105 A.3d 1257, 1265 (Pa. 2014) (citation omitted).

Our Supreme Court has explained that "'[i]n general . . . a case announces a new rule when it breaks new ground' or 'was not dictated by precedent existing at the time the defendant's conviction became final.'" **Commonwealth v. Reid**, 235 A.3d 1124, 1154 (Pa. 2020) (citation and

emphasis omitted). "When a decision of the Supreme Court of the United States results in a new rule, that rule applies to all criminal cases still pending on direct review." *Commonwealth v. Olson*, 218 A.3d 863, 868 (Pa. 2019) (citations omitted). However, where a conviction is final, a new constitutional rule may only be applied retroactively if it is a substantive rule or a watershed rule of criminal procedure. *Id.* The question of whether a new rule applies retroactively is a question of law, "as to which our standard of review is *de novo* and our scope of review is plenary." *Id.* (citation omitted).

Here, the record reflects that *Alexander* had not yet been decided at the time that Appellant's conviction became final on December 21, 2020.[3] Further, it is clear that the *Alexander* Court created a "new" rule by extending protection under Article I, Section 8 of the Pennsylvania Constitution to include an exigency requirement for vehicle searches, which was not dictated by existing precedent. *See Whorton*, 549 U.S. at 416; *Reid*, 235 A.3d at 1154. However, as noted previously, Appellant does not argue that *Alexander* announced a new substantive rule or a watershed rule of criminal procedure. *See* Appellant's Brief at 18. Therefore, because Appellant has failed to demonstrate an exception to the "general retroactivity bar," *see Olson*, 218 A.3d at 868, we have no basis to conclude that the PCRA court erred in declining to retroactively apply *Alexander* on collateral review. *See, e.g.*, *Commonwealth v. Kellam*, 42 MDA 2022, 2022 WL 17038902, at *7 (Pa.

---

[3] Our Supreme Court announced its decision in *Alexander* on December 22, 2020.

- 5 -

Super. filed Nov. 17, 2022) (unpublished mem.) (holding that there was no basis upon which to conclude that **Alexander** applied retroactively to cases on collateral review where the appellant did not argue that **Alexander** announced a new substantive rule or a watershed rule of criminal procedure). Accordingly, no relief is due.

**Ineffective Assistance of Counsel**

In his second issue, Appellant contends that trial counsel was ineffective for failing to file a timely motion to transfer his case from Centre County to Clearfield County. Appellant's Brief at 21. Specifically, Appellant argues that "[a]ll of the evidence upon which Appellant was convicted was derived from the search of his vehicle, which occurred in Clearfield County." **Id.** at 22. Appellant further alleges there was no benefit or strategic reason for trial counsel to fail to file a motion for change of venue. **Id.** at 23. Finally, Appellant claims that that he was prejudiced by trial counsel's failure to file a motion for change of venue because it permitted the Commonwealth to forum-shop and try the case in a county less favorable to Appellant. **Id.**

As stated above, we employ the *de novo* standard of review to a PCRA court's legal conclusions. **Mitchell**, 105 A.3d at 1265. A PCRA court's credibility determinations, however, are binding on this Court when such determinations are supported by the record. **Id.** (citation omitted); **see also Commonwealth v. Davis**, 262 A.3d 589, 595 (Pa. Super. 2021) (stating that "[t]his Court grants great deference to the findings of the PCRA court if the record contains any support for those findings" (citation omitted)).

- 6 -

When reviewing a claim of ineffective assistance of counsel, we are governed by the following standard:

[T]o establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

We have explained that a claim has arguable merit where the factual averments, if accurate, could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination.

The test for deciding whether counsel had a reasonable basis for [her] action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated [her] client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts [s]he may have taken.

Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Sandusky*, 203 A.3d at 1043-44 (citations omitted and formatting altered).

Here, during the evidentiary hearing, the PCRA court heard testimony from Appellant's trial counsel, Elizabeth M. Ramos, Esq. Attorney Ramos explained her reasoning for not initially filing a motion to change venue as follows:

So the strategic benefit was, to me, the issue was a really bad one. And I've been sort of taught, and I know other attorneys agree, when you have an issue that's really bad around a bunch of issues that would seem to be good issues, it has the tendency to sort of lose credibility with the Court and it can weigh all of your other good issues down. So the benefit to that was I did not want it to seem like out of all these issues we were reaching, to me those issues had merit, they were good issues, they were issues that were worthy of consideration by the courts. I believe actually if I recall correctly, the [Superior] Court opinion that went up on his suppression issue actually was a precedential opinion. It was one that had merit, it was one that was deserving of time. And for me to throw in an issue that was clearly much, much, much worse than the others would have been to the detriment of the other issues involved.

N.T. PCRA Hr'g, 5/3/22, at 15-16.

Attorney Ramos also testified as to how she determined that Centre County was the more favorable venue for Appellant as compared to Clearfield County:

So in experience, I would say that it was much more beneficial. I know certainly in Centre County, had [Appellant] lost on those charges in Centre County, he would have likely received much worse than a five to ten sentence. I have not practiced in Clearfield, so I don't know what their sentences typically look like. However, I am aware that most individuals do actually not want their cases in Clearfield because Clearfield has a reputation for giv[ing] even worse sentences than Centre would.

*Id.* at 22-23.

In its Rule 1925(a) opinion, the PCRA court addressed Appellant's claim as follows:

The [PCRA court] concludes [Appellant] failed to meet the last two prongs of the ineffectiveness test. With regard to the second prong, Attorney Ramos had a reasonable basis for not pursuing the change of venue motion earlier as she testified, she believed

the change of venue issue lacked merit where she [had] several issues with merit to raise to the [trial] court. As to the final prong, the agreement and sentence were favorable to [Appellant] and he has not succeeded in demonstrating any prejudice to himself in this matter.

PCRA Ct. Op. & Order, 5/17/22, at 5.

Based on our review of the record, we agree with the PCRA court's conclusions. *See Sandusky*, 203 A.3d at 1043-44. As noted by the PCRA court, Attorney Ramos testified that she initially declined to file a motion to change venue because it could potentially affect other, more meritorious pre-trial motions and that Centre County provided a more favorable venue for Appellant. *See* N.T. PCRA Hr'g at 15-16, 22-23. Therefore, because Appellant failed to demonstrate that Attorney Ramos lacked any reasonable strategic basis for her inaction, Appellant's claim fails. *See Sandusky*, 203 A.3d at 1043-44; *see also Commonwealth v. Roney*, 79 A.3d 595, 604 (Pa. 2013) (reiterating that "we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had **any** reasonable basis" (citation omitted and emphasis added)). For these reasons, we affirm.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/22/2023