J-S01011-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAMIAN LAMONT WATSON | : | |
| | : | |
| Appellant | : | No. 1124 MDA 2024 |

Appeal from the PCRA Order Entered July 12, 2024
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0000741-2023

BEFORE: NICHOLS, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.: **FILED MARCH 25, 2025**

Appellant Damian Lamont Watson appeals from the order denying his timely first Post Conviction Relief Act[1] (PCRA) petition. On appeal, Appellant contends that his underlying conviction of persons not to possess firearms was unconstitutional under the Second Amendment to the United States Constitution. We affirm.

On October 20, 2023, Appellant entered a guilty plea to one count of persons not to possess firearms.[2] The record reflects that Appellant was prohibited from possessing firearms as the result of a previous conviction of

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 6105(a)(1).

possession of a controlled substance with intent to deliver.[3]  N.T. Guilty Plea Hr'g, 10/20/23, at 5-6; **see also** 18 Pa.C.S. § 6105(a)(1); (c)(2) (stating that a person convicted of an offense violating the Controlled Substance, Drug, Device and Cosmetic Act that may be punishable by a term of imprisonment exceeding two years is prohibited from possessing a firearm).  That same day, the trial court sentenced Appellant to six to twelve years' incarceration.  Appellant did not file a direct appeal.

Appellant filed a timely *pro se* PCRA petition on April 15, 2024.  The PCRA court appointed counsel, who filed an amended petition on Appellant's behalf.  The PCRA court entered a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's PCRA petition without a hearing on June 21, 2024.  On July 12, 2024, the PCRA court dismissed Appellant's PCRA petition.

Appellant filed a timely notice of appeal and both Appellant and the PCRA court complied with the mandates of Pa.R.A.P. 1925.

Appellant raises the following issue for our review:

> Did the [PCRA] court err in finding that [Appellant's] conviction for 18 Pa.C.S. § 6105(a)(1) was not in violation of the U.S. Constitution as it applied to [Appellant] when the Commonwealth did not show that 18 Pa.C.S. § 6105(a)(1) was part of the historical tradition that limits the Second Amendment and none of [Appellant's] disqualifying convictions were crimes of violence?

Appellant's Brief at 3 (some formatting altered).

_____

[3] 35 P.S. § 780-113(a)(30).

- 2 -

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citation omitted). This Court applies a *de novo* standard of review to the PCRA court's legal conclusions. ***Commonwealth v. Hutchinson***, 25 A.3d 277, 284 (Pa. 2011). A PCRA court's credibility determinations, however, are binding on this Court when such determinations are supported by the record. ***Id.***; ***see also Commonwealth v. Davis***, 262 A.3d 589, 595 (Pa. Super. 2021) (stating that "[t]his Court grants great deference to the findings of the PCRA court if the record contains any support for those findings" (citation omitted)).

To be eligible for PCRA relief, a petitioner must demonstrate that the issues raised in his PCRA petition have not been previously litigated or waived. ***See*** 42 Pa.C.S. § 9543(a)(3). Section 9544 of the PCRA states that "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b). We have reiterated that "[a]n issue is waived if it could have been raised prior to the filing of the PCRA petition, but was not." ***Commonwealth v. Turetsky***, 925 A.2d 876, 879 (Pa. Super. 2007) (citation omitted).

Here, Appellant raises an as-applied constitutional challenge to his conviction based on decisions from the Supreme Court of the United States, the United States Court of Appeals for the Third Circuit, and the United States

District Court for the Middle District of Pennsylvania. *See* Appellant's Brief at 7-11. Specifically, Appellant cites to the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), the Third Circuit's decision in *Range v. Attorney General*, 69 F.4th 96 (3d Cir. 2023) (*en banc*), and the Middle District's decision in *United States v. Quailes*, 688 F.Supp.3d 184 (M.D. Pa. 2023), *rev'd*, 126 F.4th 215 (3d Cir. 2025).[4]

---

[4] We note that the Supreme Court vacated the Third Circuit's decision in *Range* and remanded the case to the Third Circuit for further consideration in light of the Supreme Court's decision in *United States v. Rahimi*, 602 U.S. 680 (2024). *See Garland v. Range*, --- U.S. ---, 144 S.Ct. 2706 (2024). *Rahimi* addressed the constitutionality of a federal statute addressing possession of firearms by a person subject to a court order that "restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child[.]" *See Rahimi*, 602 U.S. at 684-86; 18 U.S.C. § 922(g)(8)(B). *Rahimi* further sets forth that

> the appropriate analysis involves considering whether the challenged regulation is consistent with the principles that underpin our regulatory tradition. A court must ascertain whether the new law is "relevantly similar" to laws that our tradition is understood to permit, "apply[ing] faithfully the balance struck by the founding generation to modern circumstances."

*Id.* at 681 (citing *Bruen*, 597 U.S. at 26-31); *see also Commonwealth v. Jenkins*, 328 A.3d 1076, 1087-88 (Pa. Super. 2024).

Additionally, the Third Circuit reversed the Middle District's holding in *Quailes* and remanded for further proceedings. *See United States v. Quailes*, 126 F.4th 215, 224 (3d Cir. 2025) (holding that federal statute prohibiting "felons who are completing their criminal sentences[,]" including probation or parole, "fits neatly within the principles underlying the Second Amendment" (citation omitted and some formatting altered)).

However, our review confirms that the Supreme Court announced its decision in **Bruen** on June 23, 2022, the Third Circuit announced its decision in **Range** on June 6, 2023, and the Middle District announced its decision in **Quailes** on August 22, 2023. Although Appellant could have raised this issue on direct appeal after his judgment of sentence was entered on October 20, 2023, he failed to do so. Therefore, Appellant's issue is waived under Section 9544(b) of the PCRA. **See Turetsky**, 925 A.2d at 879; **see also Commonwealth v. Lambert**, 797 A.2d 232, 240 (Pa. 2001) (plurality) (finding that the petitioner waived a PCRA claim that he could have raised on direct appeal (citing 42 Pa.C.S. § 9544(b))). For these reasons, Appellant is not entitled to relief.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 03/25/2025