J-S13030-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TROY THORNTON | : | |
| | : | |
| Appellant | : | No. 1681 EDA 2022 |

Appeal from the PCRA Order Entered June 1, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0010214-2011

BEFORE:   NICHOLS, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                 **FILED JULY 24, 2023**

Appellant Troy Thornton appeals from the order denying his timely first Post Conviction Relief Act[1] (PCRA) petition.  Appellant argues that trial counsel was ineffective for failing to request a continuance, call potential alibi witnesses, or file a post-sentence motion challenging the weight of the evidence.  We affirm.

The underlying facts of this matter are well known to the parties.  ***See Commonwealth v. Thornton***, 792 EDA 2013, 2015 WL 7195495, at *1-3 (Pa. Super. filed May 11, 2015) (unpublished mem.).  Briefly, Appellant was arrested and charged with murder and related charges in connection with the 2011 shooting death of Charles Johnson.  Appellant initially retained David S.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

Nenner, Esq. to represent him at trial. N.T. Hr'g, 5/3/22, at 5. However, after Appellant failed to pay legal fees in accordance with the fee agreement, Attorney Nenner assigned Appellant's case to Patrick Link, Esq., who was of counsel at Attorney Nenner's firm. *Id.* at 54.

Ultimately, following a jury trial, Appellant was convicted of first-degree murder and other offenses. On February 15, 2013, the trial court imposed the mandatory sentence of life imprisonment without the possibility of parole. This Court subsequently affirmed Appellant's judgment of sentence on May 11, 2015. *See Thornton*, 2015 WL 7195495. Appellant did not file a petition for allowance of appeal with our Supreme Court.

On April 22, 2016, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, who filed amended petitions on Appellant's behalf. On February 5, 2021, the PCRA court entered a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's PCRA petition without a hearing. The PCRA court subsequently dismissed Appellant's petition on March 5, 2021.

On March 29, 2021, Appellant filed a motion to rescind the PCRA court's dismissal. Therein, Appellant claimed that he had received a statement from Patrice Dantzler, who provided an alibi for Appellant at the time of the underlying murder. Appellant's Mot. to Rescind 907 Dismissal, 3/29/21, at 4. On April 1, 2021, the PCRA court withdrew its March 5, 2021 order denying Appellant's PCRA petition and permitted Appellant to amend his PCRA petition. Appellant filed a supplemental amended PCRA petition on April 9, 2021, and the PCRA court held evidentiary hearings on March 7, 2022 and May 3, 2022.

- 2 -

Ultimately, on June 1, 2022, the PCRA court entered an order denying Appellant's PCRA petition.

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court filed a Rule 1925(a) opinion addressing Appellant's claims.

On appeal, Appellant presents the following issues for our review:

1. Was trial counsel ineffective for failing to adequately prepare for his first homicide trial and by failing to call alibi witnesses that were known to his client and available at the time of trial?

2. Was trial counsel ineffective when he failed to file a post-sentence motion?

Appellant's Brief at 8.

In his first claim, Appellant argues that Attorney Link was ineffective for failing to request a continuance. *Id.* at 18.[2] Specifically, Appellant contends that a continuance was necessary because "[A]ttorney Link was ill-prepared for what was his first homicide trial" and "met with Appellant only twice in the three weeks he had to prepare the case." *Id.* at 19. Additionally, Appellant asserts that prior to trial, he spoke with both Attorney Link and Attorney Nenner about calling Celestine Jackson and Patrice Dantzler as alibi witnesses.

_____

[2] Appellant also claims that Attorney Nenner "allowed a fee dispute to serve as the reason to abandon his client three weeks prior to trial on murder charges." *Id.* However, Appellant does not develop any further argument to support this assertion. Therefore, we will not address that issue on appeal. *See Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) (stating that "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant" (citation omitted)).

- 3 -

*Id.* However, Appellant claims that Attorney Link "told Appellant that he could not give the Commonwealth enough notice of his intention to argue alibi." *Id.* Appellant argues that, had Attorney Link requested a continuance, he "would have had additional time to give notice [of an alibi defense] and could have presented that evidence at trial." *Id.* at 20. Appellant concludes that "[g]iven the lack of evidence presented as to Appellant's guilt, alibi testimony from [Dantzler and Jackson], if presented, would have resulted in a different verdict." *Id.*

Our review of the denial of PCRA relief is limited to "whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." *Commonwealth v. Mitchell*, 105 A.3d 1257, 1265 (Pa. 2014) (citation omitted); *see also Commonwealth v. G. Davis*, 262 A.3d 589, 595 (Pa. Super. 2021) (stating that "[t]his Court grants great deference to the findings of the PCRA court if the record contains any support for those findings" (citation omitted)).

When reviewing a claim of ineffective assistance of counsel, we are governed by the following standard:

> [T]o establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of

the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

We have explained that a claim has arguable merit where the factual averments, if accurate, could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination.

The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.

Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043-44 (Pa. Super. 2019)

(citations omitted and formatting altered).

This Court has explained:

When raising a claim of ineffectiveness for the failure to call a potential witness, a petitioner satisfies the performance and prejudice requirements of the ineffective assistance of counsel test by establishing that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

Prejudice in this respect requires the petitioner to show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case. Therefore, the petitioner's burden is to show that testimony provided by the uncalled witnesses would have been helpful to the defense.

*Commonwealth v. Selenski*, 228 A.3d 8, 16 (Pa. Super. 2020) (citations

omitted and formatting altered).

Here, the PCRA court addressed Appellant's claim as follows:

[Attorney] Link testified that he represented [Appellant] at trial. [Attorney] Link was employed by [Attorney] Nenner, and after a payment issue, [Attorney] Link was assigned the case about three to six weeks before trial. He prepared thoroughly for the case, as it was his first homicide trial. [Attorney] Link had been a criminal trial attorney for nine years, worked previously as an assistant district attorney and tried hundreds of jury trials. [Attorney] Link did not recall being told there was an alibi defense but recalls speaking with [Attorney] Nenner about strategy and preparing a defense of misidentification and lack of opportunity to observe. [Attorney] Link recalled preparing for the case "meticulously," day and night and stated that if alibi was mentioned, "we would have hopped all over that and called an investigator." [Attorney] Link further testified "if someone got life [imprisonment] because I didn't call an alibi witness, I would remember it," and "I would not have ignored something that important." [Attorney] Link recalled that [Attorney] Nenner met with [Appellant] at least twice prior to trial and that he met with [Appellant] twice."

\* \* \*

After hearing testimony from the purported alibi witnesses and [Appellant], the [PCRA] court found that counsel was never told there was an alibi defense because there was no alibi defense . . . . The [PCRA] court noted that the alibi defense was not mentioned until [Appellant's] first PCRA [petition] was dismissed. The [PCRA] court further found the alibi testimony to be contradictory and incredible.

Trial Ct. Op. at 4, 7 (record citations omitted and some formatting altered).

Based on our review of the record, we agree with the PCRA court's conclusions. ***See Sandusky***, 203 A.3d at 1043-44. The PCRA court concluded that both Attorney Nenner and Attorney Link credibly testified that Appellant did not mention an alibi defense, nor did Appellant identify any alibi witnesses prior to trial. ***See*** PCRA Ct. Op. at 7. Because the PCRA court's credibility conclusions are supported by the record, they are binding on this Court. ***See Mitchell***, 105 A.3d at 1265. Accordingly, because Appellant failed to establish that Attorney Link knew or should have known of the existence of alibi witnesses, he is not entitled to relief. ***See Selenski***, 228 A.3d at 16.[3]

In his second issue, Appellant argues that Attorney Link was ineffective for failing to file a post-sentence motion challenging the weight of the evidence. Appellant's Brief at 20. Specifically, Appellant claims that he "was undoubtedly prejudiced by [trial] counsel's ineffective representation following his sentence. This Court refused to consider his appeal to the weight of the evidence, deeming it waived by counsel's inaction." Appellant's Brief at 21-22.

The Commonwealth responds that Appellant has waived this issue by failing to include it in his Rule 1925(b) statement. Commonwealth's Brief at 11.

---

[3] Even if Appellant had established that Attorney Nenner and Attorney Link knew or had reason to know that Ms. Dantzler and Ms. Jackson were potential alibi witnesses, Appellant would not be entitled to relief due to his failure to include **any** supporting argument as to how the absence of testimony from Ms. Dantzler and Ms. Jackson prejudiced Appellant to the point that he was denied a fair trial. ***See Selenski***, 228 A.3d at 16; ***Hardy***, 918 A.2d at 771.

Initially, we note that Rule 1925(b)(4)(vii) of the Pennsylvania Rules of Appellate Procedure states that any issue not included in a Rule 1925(b) statement will be deemed waived on appeal. Pa.R.A.P. 1925(b)(4)(vii); **see also Commonwealth v. C. Davis**, 273 A.3d 1228, 1239 n.5 (Pa. Super. 2022) (reiterating that an appellant's failure to include an issue in a Rule 1925(b) statement results in waiver).

In the instant case, Appellant's 1925(b) statement does not include a claim that trial counsel was ineffective for failing to file a post-sentence motion. **See** Appellant's Rule 1925(b) Statement, 8/2/22. Accordingly, this issue is waived for appellate review. **See** Pa.R.A.P. 1925(b)(4)(vii); **C. Davis**, 273 A.3d at 1239 n.5. Therefore, Appellant is not entitled to relief.

For the foregoing reasons, we affirm the PCRA court's order denying relief.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/24/2023