J-S21005-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
               :       PENNSYLVANIA
               :
      v.         :
               :
               :
WILLIAM AGOSTO-TORRES     :
               :
      Appellant    :  No. 105 MDA 2023

Appeal from the PCRA Order Entered December 16, 2022
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000528-2018

BEFORE:  BOWES, J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.:     **FILED: JULY 31, 2023**

William Agosto-Torres appeals from the order that denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

Appellant is presently serving an aggregate sentence of three to six years of incarceration, followed by five years of probation, imposed upon his convictions for aggravated indecent assault, indecent assault, and corruption of minors. We succinctly summarized the facts underlying those convictions as follows:

> At the time of the sexual assaults, the victim, age ten, was living with her mother, Appellant (victim's stepfather), and her younger brothers. The victim testified to several incidents where she was inappropriately touched by Appellant when her mother was away from the home. The victim did not immediately tell anyone because she thought she would not be believed and she was afraid her brothers would be taken away. On July 3, 2017, two days

_____

[*] Retired Senior Judge assigned to the Superior Court.

after the most recent incident, the victim told her stepmother. On the same date, the victim's stepmother and her father took her to York Hospital.

*Commonwealth v. W.A.-T.*, 237 A.3d 447 (Pa.Super. 2020) (non-precedential decision at 1-2) (cleaned up). No forensic evidence implicating Appellant was obtained from that visit, but the victim recounted the instances of abuse at a subsequent forensic interview.

Appellant was charged with rape and involuntary deviate sexual intercourse ("IDSI") in addition to the crimes listed above. Appellant proceeded to a jury trial at which the Commonwealth presented the testimony of the victim, her mother, the forensic nurse, the forensic interviewer, an expert witness on sexual assault forensic examinations, and the investigating officer. Appellant testified as the sole defense witness. In the end, the jury acquitted him of rape and IDSI, but found him guilty of the rest of the charges. The trial court sentenced him as indicated above, this Court affirmed the judgment of sentence, and our Supreme Court declined discretionary review. *See id*., *appeal denied*, 239 A.3d 22 (Pa. 2020).

Appellant filed a timely *pro se* PCRA petition docketed on March 31, 2021. Counsel was appointed and filed an amended petition asserting one claim of ineffective assistance of trial counsel. Specifically, Appellant alleged that there were character witnesses ready and willing to testify that counsel should have proffered at trial to testify as to Appellant's reputations for truthfulness, peacefulness, and being law-abiding. The PCRA court scheduled

a hearing at which it received testimony from Appellant, trial counsel, and three potential character witnesses: Terrica Agosto-Torres, Appellant's estranged wife; Edith Lighty, Appellant's mother-in-law and former co-worker; and Cody Lighty, Appellant's brother-in-law and former co-worker.

The PCRA court ultimately denied Appellant's petition by memorandum and order of December 16, 2021. This timely appeal followed. Appellant and the PCRA court have complied with Pa.R.A.P. 1925. Appellant presents the following claim of error: "The PCRA [c]ourt erred in denying Appellant post-conviction relief because trial counsel was ineffective for failing to present character witnesses at trial to demonstrate Appellant's reputation for truthfulness, peacefulness, and his law-abiding nature." Appellant's brief at 4.

We begin with the relevant legal principles. "In general, we review an order dismissing or denying a PCRA petition as to whether the findings of the PCRA court are supported by the record and are free from legal error." **Commonwealth v. Howard**, 285 A.3d 652, 657 (Pa.Super. 2022) (cleaned up).

> As to legal questions, we apply a *de novo* standard of review to the PCRA court's legal conclusions, and this Court may affirm a PCRA court's order on any legal basis. As to factual questions, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party in the lower court. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record.

*Id*. (cleaned up). "It is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Stansbury*, 219 A.3d 157, 161 (Pa.Super. 2019) (cleaned up).

Appellant challenges the effectiveness of his trial counsel. To prevail on this claim, he must establish:

> (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, *i.e.* there is a reasonable probability that but for the act or omission in question the outcome of the proceeding would have been different.

*Commonwealth v. Grayson*, 212 A.3d 1047, 1054 (Pa.Super. 2019) (cleaned up). "The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail," *Commonwealth v. Davis*, 262 A.3d 589, 595–96 (Pa.Super. 2021).

Here, the underlying claim is that counsel should have called character witnesses. To establish that a claim of failure to do so has arguable merit, Appellant must establish the existence of witnesses who were able to proffer admissible character evidence. We have summarized the requirements for admissibility as follows:

> Evidence of good character offered by a defendant in a criminal prosecution must be limited to his general reputation for the particular trait or traits of character involved in the commission of the crime charged. . . . Such evidence must relate to a period at or about the time the offense was committed, and must be established by testimony of witnesses as to the community opinion of the individual in question, not through specific acts or mere rumor.

*Commonwealth v. Goodmond*, 190 A.3d 1197, 1201–02 (Pa.Super. 2018) (cleaned up).

We emphasize that, "our Supreme Court has interpreted the term 'pertinent' to refer to a character trait that is relevant to the crime charged against the accused." *Commonwealth v. Minich*, 4 A.3d 1063, 1071 (Pa.Super. 2010). Thus, for example, evidence of a defendant's truthful character is admissible only if he is charged with a *crimen falsi* or his character for truthfulness has been impugned. *Id*. at 1071 n.4 (citing *Commonwealth v. Fulton*, 830 A.2d 567 (Pa. 2003) (plurality)). "[W]here the prosecution has merely introduced evidence denying or contradicting the facts to which the defendant testified, but has not assailed the defendant's community reputation for truthfulness generally, evidence of the defendant's alleged reputation for truthfulness is not admissible." *Fulton*, *supra* at 573.

Regarding the second prong of the ineffectiveness enquiry, the question is "whether counsel's chosen course was designed to effectuate his client's interests. "Counsel's decision to refrain from a particular action does not constitute ineffectiveness if it arises from a reasonable conclusion that there will be no benefit and is not the result of sloth or ignorance of available alternatives." *Commonwealth v. Hopkins*, 231 A.3d 855, 875 (Pa.Super. 2020) (cleaned up). It is well-settled that "judicial scrutiny of counsel's performance must be highly deferential and the reasonableness of counsel's decisions cannot be based upon the distorting effects of hindsight."

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1094 (Pa.Super. 2019) (cleaned up). As such, if we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective." *Commonwealth v. Mullen*, 267 A.3d 507, 512 (Pa.Super. 2021) (cleaned up).

As for the final prong, to establish prejudice in the context of a claim that counsel was ineffective for failing to call witnesses at trial, a PCRA petitioner must establish that:

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew, or should have known, of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

*Commonwealth v. Miller*, 231 A.3d 981, 992 (Pa.Super. 2020) (cleaned up).

In the instant case, Appellant's trial counsel acknowledged that he was aware that the character witnesses existed and were willing and able to testify for the defense. He testified that he had character witnesses lined up and present at the trial with the plan to call them "if [he] needed to." N.T. PCRA Hearing, 5/16/22, at 13. *See also id*. at 26 (Edith Lighty testifying that she was ready and willing to testify and had appeared at trial pursuant to a subpoena); *id*. at 44 (Cody Lighty testifying that he appeared at trial pursuant to a subpoena to testify as to Appellant's character).

However, the PCRA court determined that Appellant otherwise failed to establish the necessary elements of his claim. First, it determined that neither

truthfulness nor peacefulness were pertinent traits to the crimes of age-based inappropriate sexual contact, and that the proffered testimony that Appellant was known for being law-abiding either related to an irrelevant time period or was not reflective of a community reputation. *See* Memorandum Order, 12/16/22, at 3-5, 8-9, 11, 14. Second, the PCRA court concluded that trial counsel had a reasonable basis for failing to call the witnesses, as he aptly questioned the admissibility of their testimony and the potential for a negative reception by the jury given, *inter alia*, their close relationship to Appellant. *Id*. at 6, 14-15. Finally, with Appellant failing to proffer admissible character testimony from the potential witnesses, counsel's failure to call them did not prejudice Appellant. *Id*. at 9.

On appeal, Appellant assails the PCRA court's findings as to all three prongs. Since, as noted above, "[t]he failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail," *Davis*, *supra* at 595–96, we proceed directly to what we perceive to be Appellant's weakest argument, namely that counsel lacked a reasonable basis for his decision not to call the witnesses.

At the PCRA hearing, trial counsel testified that his overall trial strategy had been to discredit the victim, as she had offered inconsistent versions of events and there was evidence that her mother may have prompted the accusations. *See* N.T. PCRA Hearing, 5/16/22, at 11-12. Counsel believed that, in contrast, Appellant "was going to be a good witness" and anticipated

all along that he would testify at trial. *Id*. at 12. Counsel discussed with Appellant the possibility of calling character witnesses for the defense. Although he had reservations about them, counsel secured the attendance of character witnesses at trial to utilize them if he thought it was warranted based upon how well the strategy seemed to be working.

Specifically, Appellant's wife and in-laws "were not the typical, standard character witnesses that [he] would be looking for." *Id*. at 18. Counsel was not sure whether calling the witnesses would cause the defense to "suffer through an objection that was made by the Commonwealth, that they just weren't traditional or proper character witnesses" because their testimony was not based upon a broad reputation in the community but upon their personal relationship and experience with Appellant. *Id*. at 13, 18. Counsel explained that, since all of the witnesses had a close, familial relationship with Appellant rather than just knowing him from the community, counsel thought it "would not necessarily be helpful" because "a jury can see through that and say, well, he just brought a bunch of his friends in here to say he's a good guy[.]" *Id*. at 19.

Additionally, counsel was apprehensive about the fact that, while Appellant testified in Spanish through an interpreter at trial, all of the potential character witnesses spoke English but not Spanish. He feared this might undermine or discredit the defense by causing the jury to question how well

people who spoke a different language could really know Appellant's character. *Id*. at 14-16, 19.

Ultimately, counsel believed that the victim's testimony was not strong, that the cross-examination of her mother elicited useful testimony, and that Appellant "did a very good job" on the stand. *Id*. at 20-21. Therefore, counsel decided that calling the character witnesses was not worth the risk. *Id*.

Appellant's arguments against the reasonableness of counsel's basis for opting not to call the available witness are sparse. Appellant largely focuses his argument upon the pertinence of truthfulness and peacefulness to the alleged offenses and summarily asserts that there was no reasonable basis to have assessed the admissibility of the character evidence otherwise. *See* Appellant's brief at 27, 31, 35. Appellant further asserts that, since the witnesses would have indicated that they knew about Appellant's reputation from talking to other people in the community, "[t]here is no legitimate reason to say a language barrier is a basis to fail to call witnesses to testify about a person's reputation in the community for character traits which are based on a person's conduct (not being truthful, being violent and not committing crimes, and being law-abiding)."[1] *Id*. at 34. Appellant alternatively suggests that, "[e]ven if that is a concern for counsel, the witnesses can be questioned

_____

[1] We note that truthfulness is undoubtedly based upon language and communication.

- 9 -

about their knowledge of the defendant's reputation being known from other people, not their personal relationship with the defendant." *Id*.

Following our thorough consideration of the PCRA court opinion and the certified record, we are unconvinced by Appellant's arguments that the PCRA court erred in finding that counsel had a reasonable basis to forgo using character evidence. The PCRA found trial counsel to be credible, and that finding is supported by the record. *See* Memorandum Order, 12/16/22, at 6. Plainly, counsel's decision not to call the character witnesses was "not the result of sloth or ignorance of available alternatives." *Hopkins*, *supra* at 875 (cleaned up). Rather, counsel conducted a thoughtful consideration of the pros and cons of calling them as witnesses and offered a coherent rationale for deciding that the risk of undermining the credibility of Appellant and his defense was not justified in light of what he perceived to be a strong defense case as it stood. Thus, the PCRA court was within its discretion in finding "that the particular course chosen by counsel had some reasonable basis." *Mullen*, *supra* at 512 (cleaned up). Consequently, "our inquiry ceases and counsel's assistance is deemed effective." *Id*. Accordingly, we affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>07/31/2023</u>