J-S37040-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEVEN ROSSER, | : | |
| | : | |
| Appellant | : | No. 586 EDA 2023 |

Appeal from the PCRA Order Entered February 28, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0011526-2016

BEFORE:  BENDER, P.J.E., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY MURRAY, J.:                    **FILED NOVEMBER 21, 2023**

Steven Rosser (Appellant) appeals from the order dismissing the petition he filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court summarized the case history as follows:

> Appellant [] was arrested and was charged with numerous offenses related to allegations that he repeatedly sexually assaulted the then seven (7) year old daughter of his girlfriend within the previous two-year period.  On March 25, 2019, Appellant was found guilty as to Rape of a Child, Involuntary Deviate Sexual Intercourse with a Child, Unlawful Contact with a Minor, and Endangering the Welfare of Children-Guardian[,] following a jury trial before this [c]ourt.  Sentencing was deferred pending a presentence investigation and mental health evaluation as well as a Sexual Violent Predator Assessment.  On May 31, 2019, this [c]ourt sentenced Appellant to an aggregate term of 43½ to 87 years of state incarceration.  Credit was provided for custodial time served.  Rehabilitative conditions were imposed. … A timely post-sentence motion was filed on June 7, 2019, alleging that the "verdict was entered against the weight and sufficiency of evidence" and that the resulting Orders of Sentence had been

excessive. Notably, this [c]ourt had not been sent copies or notice of the counselled post-verdict motion and subsequently sought assistance of the First Judicial District Court of Common Pleas personnel to locate a copy of the motion when th[e c]ourt received a copy of Appellant's *pro se* Notice of Appeal. The post-sentence motion had been deemed denied by operation of law.

PCRA Court Opinion, 3/27/23, at 1-2 (footnote omitted).

This Court affirmed Appellant's judgment of sentence. **Commonwealth v. Rosser**, 251 A.3d 1226 (Pa. Super. 2021) (unpublished memorandum). Specifically, we affirmed Appellant's sufficiency and weight claims, "on the basis of the trial court's … opinion," and "deem[ed] Appellant's sentencing issue waived." **Id.** at 1. We further found, "even if not waived, we would conclude that Appellant's sentencing claims lack merit." **Id.** at 6. Appellant unsuccessfully petitioned for allowance of appeal with the Pennsylvania Supreme Court. **Commonwealth v. Rosser**, 258 A.3d 412 (Pa. 2021).

Appellant timely filed the instant *pro se* PCRA petition on October 7, 2021. The PCRA court appointed counsel, who filed an amended petition on July 14, 2022. On October 20, 2022, the Commonwealth filed a motion to dismiss the petition. The PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss the petition on January 11, 2023. On February 28, 2023, the PCRA court dismissed the petition "for lack of merit." Order, 2/28/23. Appellant timely appealed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant presents the following question for review:

Did the PCRA court err in dismissing Appellant's PCRA Petition without a hearing because trial counsel was ineffective for not properly preserving a challenge to discretionary aspects of sentencing and Appellant was prejudiced as a result?

Appellant's Brief at 4.

In reviewing the PCRA court's denial of relief, we examine "whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citation omitted). Pursuant to Pa.R.Crim.P. 907, a PCRA court has discretion to dismiss a PCRA petition without a hearing if the court is satisfied there are no genuine issues of material fact; the defendant is not entitled to post-conviction collateral relief; and no legitimate purpose would be served by further proceedings. *Commonwealth v. Brown*, 161 A.3d 960, 964 (Pa. Super. 2017).

Instantly, Appellant claims his trial counsel was ineffective. To prevail on a claim of ineffective assistance of counsel, the petitioner must plead and prove (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for the disputed action or inaction; and (3) there is a reasonable probability that the outcome of the proceeding would have been different but for counsel's error. *Commonwealth v. Spotz*, 84 A.3d 294, 311-12 (Pa. 2014). "Trial counsel is presumed to be effective, and Appellant bears the burden of pleading and proving each of the three factors by a preponderance of the evidence." *Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa. Super. 2013) (citations omitted). Failure to satisfy any one of these

prongs is fatal to a claim of counsel's ineffectiveness. *Commonwealth v. Chmiel*, 30 A.3d 1111, 1128 (Pa. 2011). Pertinently, "counsel will not be deemed ineffective for failing to pursue a meritless issue." *Commonwealth v. Weimer*, 167 A.3d 78, 88–89 (Pa. Super. 2017) (citation omitted).

Appellant argues trial counsel was ineffective "for failing to file an appropriate post-sentence motion" challenging the discretionary aspects of his sentence. Appellant's Brief at 7. Appellant claims his sentence is excessive. *Id.* at 7-10. He contends the trial court abused its discretion by imposing "consecutive and maximum sentences that constitute a life sentence." *Id.* at 7. According to Appellant, "there was insufficient justification for the imposition of a life sentence and there were excessive retributive justice considerations with little substantive consideration for rehabilitation." *Id.* Appellant thus claims he was prejudiced by trial counsel's failure to properly preserve his discretionary sentencing issue.

Upon review, we agree with the PCRA court's conclusion that no relief is due. Appellant's underlying sentencing issue lacks merit. When Appellant raised his discretionary sentencing issue on direct appeal, we observed:

> Appellant contends that the trial court "abuse[d] its discretion by fashioning a consecutive sentence that exceeded that which is necessary to protect the public, and seems not to have taken into consideration ... Appellant's community and family support, among other mitigating factors[.]" Appellant's Brief at 5. These claims implicate the discretionary aspects of his sentence.

*Rosser*, *supra* at 4.

- 4 -

As noted above, we determined Appellant failed to properly preserve the sentencing issue, but nonetheless concluded the issue lacked merit. *Id.* at 6. We explained that the trial court

> soundly and rationally articulated the reasons for why [the court] imposed the sentence … and why [the court] found such a sentence necessary in order to protect the public. We also point out that [the court] reviewed Appellant's presentence investigative report prior to sentencing him, and observe that where the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.

*Id.* at 7.

Appellant claims our determination on direct appeal "is *dictum* only because issues were not preserved." Appellant's Brief at 16. Appellant is mistaken. Our prior decision is "a valid holding." *See Commonwealth v. Reed*, 971 A.2d 1216, 1220 (Pa. 2009) (citation omitted) (explaining, "Where a decision rests on two or more grounds equally valid, none may be relegated to the inferior status of *obiter dictum.*").

The above notwithstanding, we briefly address Appellant's claim that he was prejudiced by trial counsel's actions which resulted in waiver of his underlying sentencing claims. *See* Appellant's Brief at 15-16 (asserting the trial court imposed "consecutive and maximum sentences" without considering the "multiple pertinent factors" in Appellant's favor).

The PCRA court dismissed Appellant's PCRA petition because Appellant failed to raise a "meritorious challenge" and "articulate his allegation in

accordance with the requisites of a claim predicated upon counsel's ineffectiveness." PCRA Court Opinion, 3/27/23, at 12.

At the beginning of Appellant's sentencing hearing, the trial court stated that "presentence investigative reports were ordered and reviewed by this [c]ourt; mental health assessment was ordered and reviewed by this [c]ourt." N.T., 5/31/19, at 3-4. The court heard from Appellant's trial counsel, who recited mitigating factors in arguing, "this is not the kind of case that deserves decades in prison. It just has to be a punishment balanced with justice and mercy." *Id.* at 7. Conversely, the Commonwealth emphasized the child victim's detailed testimony about Appellant's crimes and their impact. *Id.* at 8-13. The Commonwealth requested a "significant custodial sentence." *Id.* at 13. Appellant spoke next. He maintained his innocence and asked the court for leniency. *Id.* at 13-14. Shortly thereafter, the trial court advised:

> I presided over this trial and I listened, very much, to everything everyone had to say. I found the testimony to be most credible. I found that the impact upon [the child] is lifelong.
>
> [Appellant] took advantage of a child who was already in a difficult situation in life. There is a cost to that.
>
> I reviewed the investigation report, and I have taken note of the previous attempts to rehabilitate [Appellant], going back to when [he was] a juvenile.
>
> I do note that there's an indication of special needs in reference to [Appellant]. I do take into consideration the fact that, as a juvenile, [Appellant had] three arrests, two adjudications of delinquencies for drug dealing, two commitments to the various placements to help rehabilitate [Appellant], followed by probationary supervision.

As an adult, [Appellant has] been arrested nine times, convicted once ... [and has] three open treatment court cases reflective of matters charged with dealing narcotics. …

I take into account the guideline calculations and the severity of this case.

There is no penalty to taking a [case to] trial. Certainly not. But there is no assumption of responsibility here. No remorse exhibited for [Appellant's] actions. …

I reviewed the mental health assessment with respect to [Appellant] as well. [Appellant has] a history of a learning disability.

[Appellant] reflected that his youth growing up was a good one. I note [Appellant] did tend to [his] father when he was with [him]. I take all of that into consideration.

N.T., 5/31/19, at 15-17.

Our review confirms that the trial court appropriately considered mitigating factors when imposing Appellant's sentence. As Appellant's underlying sentencing issue lacks arguable merit, Appellant is not entitled to relief on his claim of trial counsel's ineffectiveness. *See Commonwealth v. Davis*, 262 A.3d 589, 596 (Pa. Super. 2021) ("counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." (citation omitted)). Accordingly, we affirm the dismissal of Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date:  11/21/2023