**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC WILLIAM | : | |
| | : | |
| Appellant | : | No. 2294 EDA 2022 |

Appeal from the PCRA Order Entered July 19, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003947-2017

BEFORE:  BOWES, J., STABILE, J., and DUBOW, J.

MEMORANDUM BY BOWES, J.:                    **FILED DECEMBER 22, 2023**

Eric William appeals *pro se* from the order that dismissed as untimely his petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

While Appellant was in prison awaiting trial on charges of murder, he snuck into the cell of the murder victim's stepfather and stabbed him in the face, neck, and testicles.  For that assault, Appellant pled guilty on March 5, 2018, to attempted murder and received a negotiated sentence of ten to twenty years of incarceration to run concurrently with his life sentence for the murder.

On direct appeal, Appellant contended that he had been coerced into pleading guilty and the trial court erred in failing to appoint substitute counsel at Appellant's request.  On August 27, 2019, this Court affirmed the judgment

of sentence. ***See Commonwealth v. William***, 221 A.3d 313, 314 (Pa.Super. 2019) (non-precedential decision). Specifically, we held that Appellant waived his claim that his plea was not knowing and voluntary by not raising it in the trial court. ***Id***. (non-precedential decision at 4-5). We addressed his challenge to the court's refusal to appoint new counsel as follows:

> Here, during the guilty plea hearing, the court addressed Appellant's motion to substitute counsel. Appellant explained that he was dissatisfied with counsel's representation because he did not receive full discovery and did not adequately discuss defense strategy. Appellant characterized the relationship as "eroding" and "not a good relationship."
>
> The trial court informed Appellant that if that were true [it] would not accept the plea. Counsel then stated that he represented Appellant during the unrelated murder trial, talked about this incident extensively during the trial, and went over photographs, videos, and other discovery. The court then explained that it did not hear anything indicating that counsel was not prepared, so it denied the motion to substitute counsel. Finally, the trial court again asked Appellant whether he was satisfied with counsel's representation, to which Appellant responded "Yes."
>
> Upon review, we conclude that because Appellant did not show irreconcilable differences between himself and counsel, the trial court did not abuse its discretion in denying Appellant's motion to substitute counsel.

***Id***. (non-precedential decision at 5-6 (cleaned up).

Since Appellant did not seek review in our Supreme Court, his judgment of sentence became final on September 26, 2019. On October 31, 2020, more than one year after his judgment of sentence became final, Appellant filed a motion for an extension of time to file a PCRA petition, citing his limited access

to the prison library due to the COVID-19 pandemic. *See* Motion for Extension of Time, 10/31/20, at 1.[1] No action was taken upon the motion.

On February 10, 2021, Appellant filed a *pro se* PCRA petition raising claims that plea counsel was ineffective.[2] The PCRA court appointed counsel, followed by substitute counsel, who filed a request to withdraw and no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).[3] Therein, counsel tacitly acknowledged that Appellant's petition was untimely pursuant to the PCRA's one-year time bar. **See Finley** Letter Brief, 5/9/22, at 2-3 (citing 42 Pa.C.S. § 9545). Rather than address the possible application of timeliness exceptions, counsel opted to "proceed as though the court

_____

[1] Pursuant to the prisoner mailbox rule, "a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." **Commonwealth v. DiClaudio**, 210 A.3d 1070, 1074 (Pa.Super. 2019). Here, the certificate of service for the motion is dated October 31, 2020, and the envelope in which it was mailed is postmarked November 3, 2020. The envelope was stamped as having been received by the Office of Judicial Records on November 9, 2020. The motion was received by the Prison Liaison Unit of the Office of Judicial Records on November 24, 2020, and it was finally docketed on November 25, 2020. While it does not alter our disposition, we opt to use the earliest possible filing date, namely October 31, 2020, in conducting our analysis.

[2] Since the petition is not dated, we use the postmark date as the filing date in this instance.

[3] The appointment and substitution orders are not contained within the certified record but are noted on the docket.

granted the [motion for an] extension of time to file," and explained the lack of merit in Appellant's substantive claims. *Id*. at 3.

The PCRA court issued notice of its intention to dismiss Appellant's PCRA petition as untimely, stating that the circumstances related to the pandemic and the various emergency orders concerning the suspension of filing deadlines in the spring of 2020 did not prevent Appellant from filing a timely PCRA petition.[4] *See* Pa.R.Crim.P. 907 Notice, 6/17/22, at ¶¶ 15-20. The PCRA court further agreed with counsel that the substantive issues Appellant sought to raise were meritless. *Id*. at ¶¶ 21-27. Accordingly, the court purported to notify Appellant that it intended to dismiss his petition without a hearing as both untimely and meritless and advised him that he had twenty days to file a response. *Id*. at ¶ 30-31. However, the docket does not indicate that the notice was served upon Appellant, and he filed no response.

On July 19, 2022, the PCRA court signed two orders dismissing Appellant's PCRA petition, one of which included the required notice informing Appellant that he had thirty days to appeal the dismissal. *See* Pa.R.Crim.P. 907(4). The other noted counsel's absence from that day's proceeding, but did not address the pending withdrawal request. There is no indication on the

---

[4] The PCRA court also indicated that the law library at Appellant's correctional institution "was contacted" and that its records indicated that Appellant used it on Wednesdays in August and September 2020. *See* Pa.R.Crim.P. 907 Notice, 6/17/22, at ¶ 20. We do not consider the substance of this apparent *ex parte* hearsay in conducting our review.

docket that either order was served upon Appellant by certified mail, return receipt requested, as mandated by Rule 907(4). However, the docket indicates that service in some form was made upon Appellant on August 16, 2022.

Appellant filed a timely *pro se* notice of appeal no later than August 24, 2022.[5] The PCRA court issued an opinion on September 7, 2022. The docket does not reflect that the opinion was served upon Appellant or his counsel, who had not yet received permission to withdraw. Although not ordered to do so, the following week, Appellant *pro se* filed a statement of errors complained of on appeal claiming, *inter alia*, that the PCRA court erred in ruling his petition untimely and that PCRA counsel was ineffective in filing to amend the petition to assert a timeliness exception. The PCRA court did not file a new opinion in response to Appellant's concise statement.

This Court remanded the case for the PCRA court to rule upon counsel's withdrawal request, which it granted by order of February 15, 2023.[6] The parties thereafter filed their respective briefs. Appellant presents the following questions for our review:

---

[5] Appellant filed an appeal before the dismissal order was entered which this Court dismissed as duplicative. Further, since the non-compliant service was not issued until August 16, 2022, Appellant's notice of appeal was timely. **See** Pa.R.Crim.P. 114(C)(2); Pa.R.A.P. 108(a)(1), (d).

[6] The docket does not state if or when the order was served upon the parties or counsel.

- 5 -

1. Whether guilty-plea counsel was ineffective for failing to obtain [Appellant]'s case discovery prior to advising the defendant to plea[d] guilty?

2. Whether guilty-plea counsel was ineffective when he failed to investigate?

3. Whether guilty-plea counsel was ineffective when he advised [Appellant] to commit perjury in order to receive Commonwealth's plea offering?

4. Whether PCRA counsel was ineffective when he failed to amend [Appellant]'s PCRA petition to include a timeliness exception provided by 42 Pa.C.S. § 9545(b)(1)(i)-(iii)?

Appellant's brief at 3.

We begin with a review of the applicable law. "In general, we review an order dismissing or denying a PCRA petition as to whether the findings of the PCRA court are supported by the record and are free from legal error." *Commonwealth v. Howard*, 285 A.3d 652, 657 (Pa.Super. 2022) (cleaned up). "It is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Stansbury*, 219 A.3d 157, 161 (Pa.Super. 2019) (cleaned up).

It is well-settled "that the timeliness of a PCRA petition is jurisdictional and that if the petition is untimely, courts lack jurisdiction over the petition and cannot grant relief." *Commonwealth v. Fantauzzi*, 275 A.3d 986, 994 (Pa.Super. 2022). Therefore, we must first consider whether the PCRA court correctly ruled that Appellant's claim was untimely filed.

The PCRA provides as follows, in pertinent part, regarding the time for filing a petition:

Any petition [filed pursuant to the PCRA], including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Further, a petition invoking a timeliness exception "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Appellant did not plead an exception in his *pro se* PCRA petition. Instead, he addresses the timeliness of his petition on appeal by asserting that PCRA counsel was ineffective for not amending the petition to assert that the governmental interference timeliness exception applied. **See** Appellant's brief at 20-25. Therefore, we address that claim before examining the timeliness of the underlying petition.

Pursuant to our Supreme Court's decision in **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise

- 7 -

claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." *Id*. at 401. Since, as detailed above, there is no indication that Appellant was served with the PCRA court's Pa.R.Crim.P. 907 notice, and Appellant did not realize *pro se* status until after this appeal was filed, this appeal was his first opportunity to raise the claim.

Therefore, PCRA counsel's alleged ineffectiveness is properly before us. Our next task is to determine whether "the record before the appellate court [is] sufficient to allow for disposition of any newly-raised ineffectiveness claims," or whether we must "remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter." *Bradley*, *supra* at 402.

> In this vein, we observe that, to prevail, Appellant must establish:
>
> (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, *i.e.* there is a reasonable probability that but for the act or omission in question the outcome of the proceeding would have been different.

*Commonwealth v. Grayson*, 212 A.3d 1047, 1054 (Pa.Super. 2019) (cleaned up). "The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail." *Commonwealth v. Davis*, 262 A.3d 589, 595–96 (Pa.Super. 2021).

Here, Appellant contends that, in response to the COVID-19 pandemic, his "access to legal reference materials was completely restricted for several weeks, followed by a subsequent period in which [his] access to legal

reference materials was regulated to one hour per week." Appellant's brief at 21. Appellant asserts that "[t]his complete restriction from the legal reference materials and subsequent limited access to the law library fell within the one-year time limit in which [he] had to file his petition for post-conviction relief." *Id*. He maintains that, by "completely restricting [his] access to legal reference materials," the state, "admittingly [*sic*] without malice and as the direct result of the COVID-19 pandemic," infringed upon his Fourteenth Amendment right to court access, rendering his petition timely pursuant to 42 Pa.C.S. § 9545(b)(1)(i). Appellant's brief at 22.

Upon thorough review, we conclude that we need not remand the matter for its further development, as we are able to determine from the certified record that Appellant's claim lacks arguable merit. Even assuming *arguendo* that his constitutional rights were illegally infringed upon by the prison's pandemic mitigation measures, there is no indication that the lateness of the filing was a result of governmental interference.

This Court has acknowledged that "allegations of restrictions on access to law libraries or legal resources do not completely prevent an inmate from preparing legal filings." **Commonwealth v. Miller**, 296 A.3d 605, 2023 WL 2489952, at *6 (Pa. Super. 2023) (non-precedential decision). We have rejected interference claims "where no research is required to complete the form PCRA, sign it, and deliver it to authorities for mailing; and where the courts are given latitude in deeming even non-conventional filings after

judgments of sentence become final as PCRAs." ***Commonwealth v. Cruz***, 290 A.3d 681, 2022 WL 17687850, at *2 (Pa. Super. 2022) (non-precedential decision) (cleaned up).

In the case *sub judice*, the claims Appellant raised in his petition were based upon plea counsel's alleged (1) failure to prepare for trial by reviewing and investigating the Commonwealth's discovery materials and (2) advice to "just agree to whatever they say" at the plea hearing that coerced him into a guilty plea agreement that he did not want to take. ***See*** Appellant's brief at 10-11, 18-19. It is plain that these are fact-based claims that Appellant attempted to assert on direct appeal which could have been raised immediately after his judgment of sentence became final in September 2019. He does not indicate what additional research was required for him to file his PCRA petition, or how the restrictions on his library access that occurred in the middle of the full year following the conclusion of his direct appeal were the cause of the untimely filing.

Accordingly, there is no arguable merit to Appellant's contention that his PCRA petition qualified for the governmental interference timeliness exception. Therefore, Appellant's claim that PCRA counsel was ineffective for failing to plead the exception must fail. ***See***, ***e.g.***, ***Commonwealth v. Davis***, 262 A.3d 589, 596 (Pa.Super. 2021) ("Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." (cleaned up)).

Furthermore, because Appellant's petition was untimely, neither the PCRA court nor this Court has jurisdiction to address the substance of his PCRA petition. **_See Fantauzzi_**, **_supra_** at 994. As such, we do not consider Appellant's remaining arguments, but instead affirm the dismissal of his petition as untimely.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/22/2023