J-S36028-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
LUIS R. GILCES :
:
Appellant : No. 735 EDA 2023

Appeal from the PCRA Order Entered February 27, 2023
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0002430-2018

BEFORE: BOWES, J., NICHOLS, J., and KING, J.

MEMORANDUM BY NICHOLS, J.: **FILED JANUARY 18, 2024**

Appellant Luis R. Gilces appeals from the order denying his first petition filed under the Post Conviction Relief Act[1] (PCRA). We affirm.

By way of background, Appellant was charged with 179 counts of multiple crimes related to his participation in an identity theft scheme in 2018. On July 20, 2021, Appellant pled guilty to a single count of possession of an instrument of crime (PIC).[2] Appellant subsequently failed to appear for two scheduled sentencing hearings. On May 9, 2022, the trial court conducted a third sentencing hearing at which Appellant appeared via Zoom. Ultimately, the trial court sentenced Appellant to sixteen to forty-eight months' incarceration. Appellant did not file a direct appeal.

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 907(a).

On May 25, 2022, Appellant filed a *pro se* PCRA petition. The PCRA court appointed PCRA counsel, who filed an amended petition on Appellant's behalf.[3] The PCRA court filed a Pa.R.Crim.P. 907 notice of intent to dismiss. Appellant did not respond to the notice, and the PCRA court dismissed Appellant's amended PCRA petition on February 27, 2023. This timely appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant sets forth the following issues for our review:

1. Did the trial [c]ourt commit reversible error when it violated Appellant's constitutional right to be physically present at his [s]entencing [h]earing?

2. Did the trial [c]ourt commit reversible error when it failed to find trial counsel ineffective for failing to object to Appellant appearing via Zoom for his [s]entencing [h]earing?

Appellant's Brief at 4.[4]

In his first claim, Appellant argues that the trial court erred in allowing him to be sentenced without being physically present at the sentencing

---

[3] We note that PCRA counsel initially filed a request to withdraw and a **Turner**/**Finley** "no merit" letter. **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). However, the PCRA court denied PCRA counsel's request upon discovering that she did not address an issue raised by Appellant in his *pro se* filing, and PCRA counsel filed an amended petition on Appellant's behalf.

[4] We note with disapproval the fact that the Commonwealth has failed to file an appellee's brief in this matter.

hearing and permitting the hearing to proceed via Zoom.[5]  **See** Appellant's Brief at 4, 15-20.

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error."  **Commonwealth v. Sandusky**, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citation omitted).  This Court applies a *de novo* standard of review to the PCRA court's legal conclusions.  **Commonwealth v. Hutchinson**, 25 A.3d 277, 284 (Pa. 2011).  A PCRA court's credibility determinations, however, are binding on this Court when such determinations are supported by the record.  **Id**.; **see also Commonwealth v. Davis**, 262 A.3d 589, 595 (Pa. Super. 2021) (stating that "[t]his Court grants great deference to the findings of the PCRA court if the record contains any support for those findings" (citation omitted)).

To be eligible for PCRA relief, a petitioner must demonstrate that the issues raised in his PCRA petition have not been previously litigated or waived.  **See** 42 Pa.C.S. § 9543(a)(3).  Section 9544 of the PCRA states that "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding."  42 Pa.C.S. § 9544(b).  We have reiterated that "[a]n issue is waived if it could have been raised prior to the filing of the PCRA petition, but

_____

[5] It appears that Appellant has conflated his two distinct issues in one argument in his appellate brief.  **See** Appellant's Brief at 7-20.  However, we will address them separately.

- 3 -

was not." ***Commonwealth v. Turetsky***, 925 A.2d 876, 879 (Pa. Super. 2007) (citation omitted).

Here, the PCRA addressed Appellant's claim as follows:

[T]he record gives no indication that [Appellant] ever objected to appearing at his sentencing hearing via two-way simultaneous audio-visual communication prior to filing his PCRA petition. [Appellant] did not address the issue at the sentencing hearing, ***see*** N.T., 5/9/22, at 2-11, no post-sentence motions were filed, and there was no direct appeal.

Rule 907 Notice, 1/24/23, at 3, ¶ 6.

Following our review of the record, we agree with the PCRA court's conclusion that Appellant failed to raise this claim prior to filing the instant PCRA petition. ***See Sandusky***, 203 A.3d at 1043. Therefore, because Appellant could have raised the issue previously, but did not do so, it is waived under Section 9544(b) of the PCRA. ***See Turetsky***, 925 A.2d at 879; ***see also Commonwealth v. Lambert***, 797 A.2d 232, 240 (Pa. 2001) (plurality) (finding that the petitioner waived a PCRA claim that he could have raised on direct appeal (citing 42 Pa.C.S. § 9544(b))). Accordingly, Appellant is not entitled to relief on this claim.

In his remaining claim, Appellant argues that trial counsel was ineffective for failing to object to proceeding with the sentencing hearing via Zoom. ***See*** Appellant's Brief at 4, 7-20.

It is well settled that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a); ***see also Commonwealth v. Reid***, 259 A.3d 395, 413-14 (Pa. 2021) (concluding that

the PCRA petitioner waived his ineffectiveness claim by failing to include it in his PCRA petition).

Here, our review of the record confirms that Appellant failed to raise any issue challenging the effective assistance of trial counsel in his amended PCRA petition or in his supporting memorandum of law. *See* Am. PCRA Pet., 12/28/22, at 1; Mem. of Law, 12/28/22, at 1-3 (unnumbered). Therefore, because Appellant failed to present this issue before the PCRA court in the first instance, the issue is waived. *See Reid*, 259 A.3d at 413-14; Pa.R.A.P. 302(a). For these reasons, we affirm.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/18/2024