J-A02014-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSE LUIS OLIVO | : | |
| | : | |
| Appellant | : | No. 620 MDA 2023 |

Appeal from the PCRA Order Entered March 23, 2023
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0004662-2012

BEFORE:  NICHOLS, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY NICHOLS, J.:　　　　　**FILED: MARCH 4, 2024**

Appellant Jose Luis Olivo appeals from the order denying his timely first Post Conviction Relief Act[1] (PCRA) petition.  Appellant argues that the PCRA court erred in rejecting his claim that Richard A. Joyce, Jr., Esq. (trial counsel) was ineffective.  We affirm.

The factual history of this case is well known to both parties.  ***See Commonwealth v. Olivo***, 556 MDA 2017, 2018 WL 284311 at *1 (Pa. Super. filed Jan. 4, 2018) (unpublished mem.).  Briefly, Appellant was charged with rape and related offenses based on allegations that he sexually assaulted a seven-year-old victim over a period of several years.  ***See id.***  In 2016, a jury found Appellant guilty of rape (forcible compulsion), rape of a child, involuntary deviate sexual intercourse (IDSI) (forcible compulsion), IDSI with

_____

[1] 42 Pa.C.S. §§ 9541-9546.

a child, indecent assault of a person less than thirteen years of age, endangering the welfare of a child, indecent exposure, and corruption of minors.[2]  On October 26, 2016, the trial court sentenced Appellant to an aggregate sentence of 35½ to 100 years' incarceration, to be followed by 17 years' probation.  Appellant filed a direct appeal, and this Court affirmed the judgment of sentence on January 4, 2018.  *See id.* at *6.  Appellant did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania.

On September 10, 2018, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed Osmer Deming, Esq., on Appellant's behalf.  On September 27, 2021, Attorney Deming filed a no-merit letter[3] and requested leave to withdraw as counsel.  After the PCRA court granted Attorney Deming's petition to withdraw, Charles E. Dutko, Jr., Esq., entered his appearance as PCRA counsel.

On January 12, 2022, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent dismiss Appellant's PCRA petition without a hearing.  After Appellant filed an amended PCRA petition, the PCRA court scheduled an evidentiary hearing.  Ultimately, after conducting an evidentiary hearing, the PCRA court entered an order denying Appellant's PCRA petition.  Appellant filed a timely notice of appeal and timely filed a court-ordered Pa.R.A.P. 1925(b) statement.

---

[2] 18 Pa.C.S. §§ 3121(a)(1), 3121(c), 3123(a)(1), 3123(b), 3126(a)(7), 4304(a)(1), 3127(a), and 6301(a)(1)(i), respectively.

[3] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

In lieu of a Rule 1925(a) opinion, the PCRA court filed a statement incorporating its March 23, 2023 order denying Appellant's PCRA petition.

On appeal, Appellant raises the following issues for our review:

1. Did the PCRA court err in denying Appellant's ineffective assistance of counsel claim for trial counsel's failure to file a bill of particulars?

2. Did the PCRA court err in denying Appellant's ineffective assistance of counsel claim for trial counsel's failure to use information provided from a bill of particulars to establish an alibi defense?

Appellant's Brief at 4 (some formatting altered).[4]

Appellant contends that trial counsel was ineffective for failing to request a bill of particulars, which eliminated any possibility of Appellant presenting a viable alibi defense. *Id.* Appellant further contends that trial counsel did not have a reasonable basis for failing to request a bill of particulars and that Appellant suffered prejudice as a result. *Id.* at 15.

Our review of the denial of PCRA relief is limited to "whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error." ***Commonwealth v. Lawson***, 90 A.3d 1, 4

---

[4] We note that despite identifying two issues in his statement of questions presented, Appellant's argument consists of one single section. ***See*** Pa.R.A.P. 2119(a) (stating that "[t]he argument shall be divided into as many parts as there are questions to be argued"). We do not condone Appellant's failure to comply with the Pennsylvania Rules of Appellate Procedure, but because the noncompliance does not impede our review, we decline to find waiver on this basis. ***See, e.g.***, ***Commonwealth v. Levy***, 83 A.3d 457, 461 n.2 (Pa. Super. 2013) (declining to find waiver on the basis of the appellant's failure to comply with the Rules of Appellate Procedure, where the errors did not impede this Court's review).

(Pa. Super. 2014) (citations omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." **Commonwealth v. Mitchell**, 105 A.3d 1257, 1265 (Pa. 2014) (citation omitted); *see also Commonwealth v. Davis*, 262 A.3d 589, 595 (Pa. Super. 2021) (stating that "[t]his Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." (citation omitted)).

> [T]o establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.
>
> We have explained that a claim has arguable merit where the factual averments, if accurate, could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination.
>
> The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.
>
> Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have

- 4 -

been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

. . . Moreover, a failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043-44 (Pa. Super. 2019) (citations omitted and formatting altered).

Here, at the evidentiary hearing, trial counsel testified that requesting a bill of particulars would not have been effective in a sexual abuse case "where there is a child victim and . . . an expansive time of years" with no "no particularized dates" for when the abuse occurred. N.T. PCRA Hr'g, 8/2/22, at 7. Trial counsel further explained that because the allegations in Appellant's case spanned a four-year period of time, an alibi for a specific date "didn't do much to remove us from all possible circumstances or [Appellant's] ability to have committed the acts alleged." *Id.* at 9. Specifically, trial counsel stated:

So given a four-year time span, or any time span of significant length, and a witness who is not able to narrow down a particular date, month, or even season when this incident occurred, a bill of particulars ultimately is in most cases like this simply a repetition of the criminal information that's been filed. And it is not particular.

*Id.* at 12 (some formatting altered).

In its opinion, the PCRA court specifically found trial counsel's testimony to be credible. PCRA Ct. Order & Op., 3/23/23, at 5. The PCRA court further explained:

Generally, where matters of strategy and tactics are concerned, on a claim of ineffective assistance of counsel, counsel's assistance is deemed constitutionally effective if he chose a

- 5 -

particular course that had some reasonable basis designed to effectuate his client's interests. Here, [trial counsel] testified at the PCRA hearing that he has been a public defender in Berks County for 24 years. He testified that a bill of particulars is "not necessarily effective in this type of case with these types of allegations." Therefore, [Appellant] has not shown that [trial counsel's] failure to request a bill of particulars was without any reasonable basis. In fact, the opposite is true. Based on [trial counsel's] PCRA hearing testimony, this strategy would be fruitless. Thus, [Appellant] fails on this prong.

*Id.* at 4-5 (citations omitted).

Based on our review of the record, we agree with the PCRA court's conclusions. *See Sandusky*, 203 A.3d at 1043-44; *Lawson*, 90 A.3d at 4. Appellant failed to demonstrate that trial counsel lacked any reasonable strategic basis for declining to request a bill of particulars. *See Commonwealth v. Roney*, 79 A.3d 595, 604 (Pa. 2013) (reiterating that "we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had **any** reasonable basis" (citation omitted and emphasis added)). Therefore, Appellant's claim fails. *See Sandusky*, 203 A.3d at 1043-44. For these reasons, we affirm.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 03/04/2024